DAN JOHNSON v. TRAVELERS' INSURANCE COMPANY.

Delivered January 23, 1897.

**Life Insurance Policy—Exempting Clause—Death From Intentional Injury by Another.**
Where an accident life insurance policy provides that it does not cover "death resulting from intentional injuries (inflicted by insured or any other person) intentional over-exertion," etc., and the insured is wrongfully murdered by another person, the insurance company is not liable on the policy.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*C. B. Randell* and *J. W. Finley*, for appellant.—The court erred in not charging the jury to find for the appellant, plaintiff, and in charging them to find for the defendant, because the proof was that while the policy was in force the insured was murdered; that it was not done by him, nor by his procurement or consent; was not intentional on his part, nor did he provoke it. Rev. Stats., art. 3071 (2953); 1 Am. & Eng. Ency. of Law, 87, n. 5; Ripley v. Railway, 2 Big. L. & Ac. Cas., 738; Accident Ins. Co. v. Bennett, 16 S. W. Rep., 723; Utter v. Travelers' Ins. Co., 65 Mich., 545 (8 Am. St. Rep., 913); Accident Co. v. Riegart, 94 Ky., 547 (42 Am. St. Rep., 374); Richards v. Travelers' Ins. Co., 23 Am. St. Rep., 455 (89 Cal., 170); Gresham v. Equitable Ins. Co., 27 Am. St. Rep., 263 (87 Ga., 497); Pickett v. Pa. Mut. Life Ins. Co., 27 Am. St. Rep., 618 (144 Pa. St., 79); Travelers' Ins. Co. v. Murray, 25 Am. St. Rep., 267 (16 Col., 296); Penfold v. Universal Life Ins. Co., 39 Am. Rep., 660 (85 New York, 317); May on Ins., sec. 520; Hutchcraft v. Travelers' Ins. Co., 12 Am. St. Rep., 484 (87 Ky., 300); Williams v. Jones, 33 S. W. Rep., 1092.

*Wolfe & Hare*, for appellee.—The undisputed testimony showing that the death of the insured resulted from an intentional injury inflicted by Cliff Douglass, the court properly instructed the jury to find for appellee. Standard Ins. Co. v. Askew, 32 S. W. Rep., 31; Travelers' Ins. Co. v. McConkey, 127 U. S., 661; Fischer v. Travelers' Ins. Co., 77 Cal., 246 (1 L. R. A., 572); Travelers' Ins. Co. v. McCarthy, 15 Colo., 351 (11 L. R. A., 297); Hutchcraft v. Travelers' Ins. Co., 87 Ky., 301; Accident Co. v. Carson (Ky.), 30 S. W. Rep., 879; Phelan v. Travelers' Ins. Co., 38 Mo. App., 640.

FINLEY, ASSOCIATE JUSTICE.—This suit was brought July 27, 1895, by appellant against appellee on an accident policy in favor of appellant for $2000, on the life of his son, Will Johnson.

Appellee answered that the death of Will Johnson was caused by injuries intentionally inflicted on him by one Cliff Douglass, under circumstances which made it murder, and that by the terms of said policy appellee was not liable for death so caused.

The cause was tried before a jury February 20, 1896, which resulted in a verdict and judgment for defendant. Motion for new trial overruled March 23, 1896, from which judgment plaintiff has appealed.

The following facts were proven: On December 6, 1894, in Bonham, Texas, Cliff Douglass went to the depot and met Will Johnson, the assured, at the latter's request. After some conversation Johnson said his train was about to leave and he must go, and started for the train, when the said Douglass caught him by the coat and intentionally cut his throat with a razor, from the effects of which the said Johnson died on the same evening. The killing was done without any effort having been made on the part of said Johnson to injure or wound the said Douglass, and the injuries and killing were not brought about by any

fault on Johnson's part, and he did not provoke the difficulty, but was leaving for the train on which he was porter. The facts constituted murder. At the time of his death there was a policy of $2000 in The Travelers' Insurance Company, in favor of his father, Dan Johnson, and it was in full force. It was proved that the notice, particulars and proof of death were made in the time and manner required by the policy, and that $500 is a reasonable attorney's fee for bringing this suit.

The policy insured Will Johnson against loss of time, not exceeding twenty-six consecutive weeks, resulting from bodily injuries effected through violent and accidental means; or if death results from such injuries alone within ninety days, will pay $2000 to Dan Johnson, father, if surviving; provided, "this insurance does not cover  *  *  * death resulting from intentional injuries (inflicted by insured or any other person); voluntary overexertion;  *  *  * voluntary exposure to unnecessary danger; expeditions into wild or uncivilized countries."

The court below charged the jury as follows: "The undisputed testimony showing that plaintiff cannot recover under the terms of the contract of insurance sued on, you are instructed to find for the defendant."

This charge of the court is assigned as error; and the only question presented for our consideration is whether or not the policy sued upon covers a case of death arising from intentional injuries inflicted upon the insured by another person, not procured or provoked by the insured.

The terms of the policy plainly state that it "does not cover death resulting from intentional injuries inflicted by the insured or any other person."

We see very little room for discussion of the meaning of the language. It is clear that the insurance company exempted from its risk cases of death arising from injuries intentionally inflicted by the insured upon himself, and injuries intentionally inflicted upon the insured by any other person. It would be doing violence to well established rules of construction to interpret the language of the policy to mean that the words "intentionally inflicted" refer alone to intention on the part of the insured. The fact that the particular language appears in parenthesis would not justify a departure from the ordinary rules of construction and authorize an interpretation of the paragraph which would do violence to its plain import. The court did right in instructing a verdict for the defendant. Standard Ins. Co. v. Askew, 32 S. W. Rep., 31; Travelers' Insurance Co. v. McConkey, 127 U. S., 661; Fisher v. Travelers' Ins. Co., 77 Cal., 246 (L. R. A., 1, 572); Travelers' Ins. Co. v. McCarthey, 15 Colo., 351 (11 L. R. A., 297); Hutchcraft v. Travelers' Ins. Co., 87 Ky., 301; American Standard Ins. Co. v. Carson, 30 S. W. Rep., 879.

The judgment of the court below is affirmed.          *Affirmed.*

Writ of error refused.