CONTINENTAL CASUALTY COMPANY v. ANNIE WADE ET AL.

No. 1726.  Decided November 13, 1907.

**Accident Insurance—Death—Continuous Disability.**

On a contract of insurance against accident "at once resulting in continuous total inability to engage in any business, occupation or service," which undertook to pay $2,000 where the same resulted "in his loss of life within ninety days of said injury," there could be no recovery where the result was such total disability for fifteen minutes only following the accident, after which the insured resumed labor and continued it for about two months, though he then died in consequence of the injury.  (Pp. 104–106.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Annie Wade and others sued the Casualty Company and had judgment.  Defendant appealed and on affirmance obtained writ of error.

*J. D. Walthall* and *Denman, Franklin & McGown,* for plaintiff in error.—The fact that Green's injuries did not at once result in continuous total inability to engage in any business, occupation or service is not an issue in the case; it is alleged by the company and admitted by the plaintiff, and the undisputed testimony shows that he was hurt on Saturday, about 2:30 o'clock p. m., January 31, 1903, laid off about fifteen minutes and continued his work till 6 o'clock, when the day's work was done; returned to his work the following Monday and continued at it till March 25 following, when he sickened and died.  This being true, plaintiff could not recover because the contract sued upon only makes the company liable for such injuries as at once result in continuous total inability.  Williams v. Preferred Mut. Acc. Assn., 91 Ga., 698; Pepper v. Order United Com. Travelers, 113 Ky., 918; Ritter v. Preferred Acc. Assn., 185 Pa., 90; Merrell v. Travelers' Ins. Co., 91 Wis., 329; Vess v. United Ben. So. of America, 120 Ga., 411; Hagadon v. Masonic Equitable Acc. Assn., 69 N. Y. Supp., 831; Fidelity & C. Company v. Getzendanner, 93 Texas, 487; Preferred Mut. Ins. Co. v. Jones, 60 Ill. App., 106.

*James Routledge* and *J. R. Norton,* for defendants in error.—It is the fundamental rule of interpretation that policies of insurance are to be construed most strongly against the insurers who frame them.  Travelers' Ins. Co. v. Murry, 26 Pac. Rep., 776; Accident Ins. Co. v. Crandal, 120 U. S., 527; Burkhard v. Travelers' Ins. Co., 102 Pa. St., 262.

It is now well settled, as a general rule that, where an exception to a policy emanating from the insurance company, is capable of two meanings, the one is to be adopted which is most favorable to the insured. State Ins. Co. v. Horner, 23 Pac. Rep., 788; Allen v. St. Louis Ins. Co., 85 N. Y., 473; Western Ins. Co. v. Cropper, 32 Pa. St., 351; May, Ins., sec. 172-179; Wood, Ins., sec. 141-146; Marshall v. Commercial, etc., Acc. Assn., 63 N. E. Rep., 446; Gillet v. Bank, 160 N. Y., 549; Mynard v. Syracuse Railroad Co., 71 N. Y., 180, 27 Am. Rep., 28; Nicholas v. New York Cent. Railroad Co., 89 N. Y., 370; Herrman v. Merchants Ins. Co., 81 N. Y., 184; 37 Am. Rep., 488; Hoffman v. Aetna Ins. Co., 32 N. Y., 405; 88 Am. Dec., 337; Goddard v. Insurance Company, 67 Texas, 69; Brown v. Palatine Ins. Co., 35 S. W. Rep., 1060; New Orleans Ins. Co. v. Gordon, 68 Texas, 148; Ins. Co. v. Kempner, 87 Texas, 236.

Whether the insured was wholly or partially disabled at once by the accident was a matter that concerned the indemnity to be paid him for loss of time, and is not at all determinative of the right to recover upon a death claim. The intervening results of the injury are facts that should be received in evidence as bearing upon the solution of the principal issue of fact—the proximate cause of death; but aside from this, they have no other importance. Driskell v. U. S. Health, etc., Co. (Mo.), 93 S. W. Rep., 882; Wall v. Continental Casualty Co. (Mo.), 86 S. W. Rep., 491; U. S. Cas. Co. v. Hansom, 79 Pac. Rep., 177, 178; Cary v. Preferred Accident Ins. Co., 106 N. W. Rep., 1056, 1057; Central Accident Ins. Co. v. Rembe, 77 N. E. Rep., 125, 126; James v. U. S. Cas. Co. (Mo.), 88 S. W. Rep., 127; Brendon v. Trader's and Traveler's Acc't Co., N. Y. Sup., 84 App. Div., 530; Foglesong v. Modern Brotherhood of America, 97 S. W. Rep., 240.

Mr. Justice Brown delivered the opinion of the court.

Annie Wade and others sued the plaintiff in error in the District Court of Bexar County to recover upon the following contract:

"The Continental Casualty Company ......... hereby insures Mr. Bishop Green, hereinafter called the Insured, Class Spl. of said Company, as a freight handler, and promises to pay to the person or persons hereinafter named, the benefits hereinafter mentioned in the event that the Insured shall receive personal bodily injury, within one year from 12 o'clock noon, standard time, of the date hereof, through external, violent, and purely accidental causes at once resulting in continuous total inability to engage in any business, occupation or service, as follows: If such injury shall solely and independently of all other causes necessarily result:

"(1) In his loss of life within ninety days of said injury a death benefit of Two Thousand Dollars to Mrs. Annie Wade, his mother, if surviving, otherwise to the legal representatives of the Insured, within ninety days of the receipt of satisfactory proof of death;

"(2) In his loss of one hand or one foot, by separation, at or above the wrist or ankle joint, within ninety days of said injury, one-half of said death benefit to the Insured within ninety days of the receipt of satisfactory proofs thereof;

"(3) In his permanent loss of the entire sight of one eye, within ninety days of said injury, one-fourth of said death benefit to the Insured within ninety days of the receipt of satisfactory proofs thereof;

"(4) In his loss of both hands or both feet, or one hand and one foot, or the sight of both eyes, all as above provided and within ninety days of said injury, said death benefit to the Insured within ninety days of the receipt of satisfactory proof thereof;

"(5) In his total loss of time, not resulting from the loss of limb or sight, a weekly benefit of ten dollars so long as such total inability lasts while under the treatment of a legally qualified physician or surgeon, not to exceed one hundred and four consecutive weeks for any one injury, to himself within thirty days of the receipt of satisfactory proof thereof;

"(6) In any loss specified in paragraphs numbered two, three or four, if no death benefit is provided for in this policy, a sum equal to one hundred weeks' benefit for the loss of two or more of the members therein named, or a sum equal to thirty weeks' benefit for the loss of one of said members, payable to the Insured within ninety days of the receipt of satisfactory proofs thereof."

"The evidence is undisputed that Bishop Green, while working at his occupation as a freight handler, on January 31, 1903, was physically injured by the weight of a heavy crate of glass being accidently thrown upon him; and, as the proximate cause of the injury, he died on April 6, 1903. He received said bodily injury 'through external violent and purely accidental causes,' which, as aforesaid, proximately resulted in his death. It was also shown that he was hurt on Saturday, about 2:30 o'clock p. m., January 31, 1903; that he laid off about fifteen minutes and continued to work till six o'clock, when his work was done; and that he returned to his work the following Monday and continued at it until March 25, following, when he died in consequence of the accident."

Judgment was rendered for plaintiffs in the trial court and affirmed by the Court of Civil Appeals.

The undisputed evidence shows that Bishop Green received "a personal bodily injury" within the time specified in the contract, "through external, violent and purely accidental causes," which "at once resulted in a total inability" to engage in any business, etc., and that from the injury received Green was at once totally disabled from pursuing his labors in the business in which he was engaged for fifteen minutes. The meaning of the words, "at once," as used, becomes unimportant for the reason that it is undisputed that the disability occurred *at once;* that is, at the time the accident happened. The evidence also is undisputed that after fifteen minutes from the time of the accident Green resumed his labors and continued to work as usual for about fifty-two days, at the end of which time he died. The only question that is presented by this writ of error upon the facts which appear in the opinion of the Honorable Court of Civil Appeals is, did the qualification that the inability to labor should be continuous from the time of the injury apply to loss of life resulting from the

injury? If so, then the plaintiff below can not recover against the Casualty Company.

It is contended that the contract sued upon insured Green against the "loss of life" and therefore the terms which required the inability to be continuous did not apply in case of death resulting from an injury. That is the most plausible ground upon which the judgments of the trial court and Court of Civil Appeals can be placed. Is the position sound?

To test the soundness of the proposition let us suppose that one of Green's feet had been crushed by the box that fell upon him whereby he became at once totally disabled to labor and, such inability continuing, subsequently one of his feet was amputated above the ankle, and thereafter within ninety days from the accident Green died. In such case when the accident occurred the liability of the Company would be fixed and the extent of its liability would then be compensation for the loss of time that might occur thereafter during the continuance of the inability not exceeding one hundred and four weeks. When the foot was amputated the liability for loss of time would cease and the Company would become liable for compensation under the second paragraph of the contract; that is, for $1,000, and when Green died, the extent of the liability would again be changed and the Company would be liable under the first subdivision of the contract for $2,000. We think that it is manifest that the insurance in this case was a guaranty against the accident described in the contract and that liability of the Company for either of the named results might follow was fixed at the time the injury was received. The terms of the policy are that "if such injury shall solely and independently of all other causes necessarily result in his loss of life," etc., which attributes loss of life to the injury previously described; that is, to the injury which produced "at once" inability to labor, which inability continued down to the time death ensued. The learned judge who wrote the opinion of the Court of Civil Appeals said that it would be absurd to say that death would produce inability to labor and that the loss of a hand or foot would not totally disable the party to perform every kind of labor. The fault of this argument lies in the assumption that the inability to labor provided for was to be produced by the result of the injury and continue after the loss of the hand, etc., whereas the inability to labor is clearly to arise at the date of the injury and to continue until the result—death or loss of hand, etc.,—has been reached. When the injury had occurred and the hand, foot or eyes had been lost, the Company had no interest in the ability or inability to labor in the future, therefore, the continuance of the inability was to be from the time of the accident to the death or other result. To sustain the construction by the Court of Civil Appeals the words must be arbitrarily forced out of their connection, and their natural import must be disregarded.

It is contended with earnestness that this contract ought to be construed most liberally in favor of the beneficiary thereof, and to this we consent. If there was any ambiguity in the language or if the language was susceptible of an interpretation which would make the Company liable, then it would be right and proper that this

judgment should be affirmed. But there is no ambiguity or uncertainty in the language; there is nothing in it which indicates that Mrs. Wade was to be compensated for the loss of life of her son, Bishop Green, except upon the terms and conditions specified in the contract. If harsh, they are just what Green agreed to when he made the contract, and it is not within the province of the court to interfere or relieve one of a hard bargain which he deliberately and willingly entered into. The facts of this case demonstrate the intention of the parties and the necessity for the terms of the ·contract to accomplish that purpose, which was to provide against liability for a result which could only be arrived at by expert testimony, the opinions of medical men or others based upon the character of the injury and the fact of death. It was the purpose of the Casualty Company to provide for a state of physical facts by which the injury and the result should be so connected that there could be no room for expert testimony. In Thorn v. Worthing, S. R. Co., 6 Ch Div., 415n, the court said: "As usual, the experts do not agree in their opinion. There is no reason why they should. As I have often explained since I have had the honor of a seat on this Bench, the opinion of an expert may be honestly obtained, and it may be quite different from the opinion of another expert also honestly obtained." In Goodwin v. State, 96 Ind., 550, the court used this language: "The current of modern authorities is setting strongly against what is called expert evidence." Since learned lawyers and judges put so low an estimate upon expert evidence, is it not reasonable to conclude that the Casualty Company in using the terms under discussion had the purpose to exclude this class of evidence? To recover upon the contract it was necessary for the beneficiaries to show that the terms of the contract were fulfilled. The evidence does not show that the inability was continuous, therefore the judgment is without evidence to support it, and it is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and judgment be here rendered for the Casualty Company.

<em>Reversed and rendered.</em>