EMINENT HOUSEHOLD OF COLUMBIAN
WOODMEN v. HANCOCK. (No. 1415.)

(Court of Civil Appeals of Texas. Texarkana.
March 4, 1915. Rehearing Denied
March 18, 1915.)

1. INSURANCE ⊂⊃787 — FRATERNAL INSUR-
ANCE—ACCIDENTS—CAUSE OF LOSS—"LOSS
OF ONE ARM."

Where an insurance policy provided that
in the event of the "loss of one arm * * *
this guest shall receive one-half" the policy, it
would, unless otherwise limited, entitle insured

to recover on showing an injury totally paralyzing one arm, as the words "loss of one arm" did not necessarily mean loss of the arm by severance and in no other way.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1955, 1957–1959; Dec. Dig. ☞ 787.

For other definitions, see Words and Phrases, First and Second Series, Loss of Limb.]

2. INSURANCE ☞718—CONSTRUCTION OF POLICY—INCORPORATION OF CONSTITUTION AND BY-LAWS—"LOSS OF ONE ARM."

Where a policy issued to plaintiff made the constitution and by-laws of the order a part of the policy, they were to be construed with and as limiting the provisions of the policy, and consequently plaintiff could not recover for an injury causing paralysis of an arm, under a provision of the policy for "loss of one arm," in view of a provision in the constitution and by-laws limiting such loss to "the loss of one arm by severance at or above the wrist."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1854; Dec. Dig. ☞718.]

Appeal from Titus County Court; Sam Porter, Judge.

Action by George W. Hancock against the Eminent Household of Columbian Woodmen. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered.

T. C. Hutchings, of Mt. Pleasant, and S. F. Caldwell, of Austin, for appellant. Rolston & Rolston, of Mt. Pleasant, and Turner, Graham & Smith, of Texarkana, for appellee.

WILLSON, C. J. This appeal is from a judgment for $500 recovered by appellee against appellant on a policy of insurance for $1,000 issued by the latter September 9, 1908.

In his petition appellee alleged that on December 10, 1913, while the policy was in force, he received an injury to his left arm which totally paralyzed same, rendering it useless; and he alleged that appellant thereby became liable to him in the sum of $500, one-half of the value of the policy, which it had refused to pay.

Appellee proved that in a fight he had with one Parker the large muscle and motor nerve were so badly cut as to render his arm useless, and contended that the injury was within a provision of the policy as follows:

"In the event of a loss of one arm * * * this guest shall receive one-half the value of this covenant at the time of such loss, in five equal installments."

By the terms of the policy appellant's constitution and by-laws were made a part of it. Appellant contends that the provision of the policy above quoted should be construed in connection with a provision (set out below) in said constitution and by-laws, and that when so construed said provision in the policy meant that the loss of the arm must be by a severance thereof at or above the wrist. As it conclusively appeared that the arm was not so severed, appellant contends that the injury was not a risk covered by the policy, and therefore that it was not liable. The provision in the constitution and by-laws referred to was as follows:

"On the holder of a beneficiary covenant while in good standing sustaining the loss of one arm by severance at or above the wrist * * * he shall receive one-half the value of his covenant at the time of such loss, in five equal installments."

[1] If the provision in the policy should be construed without reference to the one in the constitution and by-laws, the fact that appellee's arm was not severed from his body would not be a reason why the judgment in his favor should be set aside; for the words "loss of one arm," used in that provision, did not necessarily mean that the loss of the arm must be by a severance and in no other way. Modern Order of Prætorians v. Taylor, 127 S. W. 260; 4 Cooley's Briefs on the Law of Insurance, p. 3301. But appellant's constitution and by-laws having been made a part of the contract, appellee was not entitled to have that provision in the policy so construed. On the contrary, its meaning should have been determined with reference to the provision in the constitution and by-laws set out above. 1 Cooley's Briefs on the Law of Insurance, pp. 698 to 702.

[2] The question then is: Did the provision in the constitution and by-laws operate to so limit the provision in the policy as to exempt appellant from liability on the case made by the pleadings and the testimony?

It is believed the answer to the question should be in the affirmative. The provision in the constitution and by-laws is capable of no other construction than one limiting the liability of appellant for the loss of an arm to one lost by severance from the body. That provision seems to have been the authority for and basis of the provision in the policy. Yet the last-mentioned provision cannot be construed as binding appellant to pay for the loss of an arm by other means than a severance thereof from the body without wholly ignoring the provision in the constitution and by-laws. As that provision cannot be ignored, and as, construing the two provisions together, both can be given effect, in treating the one in the constitution and by-laws as limiting or explaining the one in the policy, we think that course should be pursued. Therefore the judgment will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellant, and that the latter recover of the former the costs of this court and of the court below.