## WILLIAMS v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN. (No. 982–4835.)*

Commission of Appeals of Texas, Section A. Oct. 19, 1927.

**1. Contracts ⬦152—Court cannot ascribe different meaning to terms in contract, where parties have pointed out meaning which they intend terms to bear.**

Where contracting parties have, in unambiguous language embodied in contract, pointed out meaning which they intended certain terms to bear, courts are without authority to ascribe a different meaning to such terms.

**2. Insurance ⬦819(4)—Evidence held insufficient to show total and permanent blindness of locomotive engineer, warranting recovery under beneficiary certificate.**

In action by locomotive engineer on brotherhood's beneficiary certificate for alleged "total and permanent blindness," which by constitution, made part of certificate, is defined as blindness where no projection occurs even though light perception remains, evidence that plaintiff can read headlines of newspapers and can see and recognize persons and objects near him *held* to show that he has capacity for projection, precluding recovery under certificate.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by J. L. Williams against Brotherhood of Locomotive Firemen and Enginemen. Judgment for plaintiff was reversed and judgment rendered for defendant by the Court of Civil Appeals (291 S. W. 301), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed.

Charles Murphy, Maurice Hirsch, Ben J. Brown, and Allen B. Hannay, all of Houston, for plaintiff in error.

Cole, Cole & O'Connor, of Houston, for defendant in error.

HARVEY, P. J. Alleging that he has become totally and permanently blind in both eyes, J. L. Williams, the plaintiff in error, brought this suit to recover the sum of $3,-000 on a beneficiary certificate which was issued to him by the Brotherhood of Locomo-

tive Firemen and Enginemen, the defendant in error. The latter is a fraternal beneficiary organization, and Williams was a locomotive engineer and a member of said order. The certificate was issued on January 1, 1907, and in terms binds the defendant in error to pay to Williams the sum of $3,000 "in the event of his becoming afflicted or sustaining one or more of the physical injuries or bodily ailments for which payment is provided in the constitution of said brotherhood in force and effect at the time a liability may arise from such physical injury or bodily ailment." The constitution of the brotherhood which was in force and effect at the time the eyesight of Williams became impaired, as hereinafter described, contained the following provisions, among others, which form a part of the contract under the certificate, to wit:

"Sec. 12. A beneficiary member in good standing upon the books of the Grand Lodge becoming (1) totally and permanently blind in one or both eyes (this to include only loss of one eye occurring since September 22, 1908, 4:40 p. m.), or who may become totally and permanently disabled or incapacitated from performing all manual labor on account of (2) Bright's disease of the kidneys and (3) uncompensated valvular disease of the heart; (4) progressive pernicious anemia, shall be entitled to the full amount of his beneficiary certificate, and (5) all members who have reached the age of seventy (70) years shall be considered totally and permanently disabled and shall be paid the full amount of his beneficiary certificate."

And also the following provision having reference to the provision quoted above, to wit:

"Blindness referred to in the foregoing section is interpreted to mean practical and permanent blindness, i. e., where no projection accurs even though light perception remains."

On June 12, 1921, while said certificate was in full force and effect, Williams received injuries, in the course of his employment as locomotive engineer, which resulted in the impairment of the sight of both his eyes to such an extent, according to the verdict of the jury, as to permanently and totally incapacitate him from pursuing any useful or gainful occupation which requires the use of eyesight. He insists that this impairment of his eyesight comes within the meaning of the terms "totally and permanently blind," as those terms are used in the above-quoted provisions of the constitution of the brotherhood; and that for this reason he is entitled to a recovery.

The evidence is undisputed that the terms "light perception" and "projection," in their application to the sense of sight, mean respectively that if a person only has capacity to perceive light, he has light perception only; if he has capacity to see light or objects sufficiently to point them out, then he has pro-

───────────

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied November 30, 1927.

jection, as well as light perception. There is no evidence tending to show that the plaintiff in error is incapable of seeing light or objects, with either eye, sufficiently to point them out. On the contrary, he admits to being able to read the headlines of newspapers; to see and recognize persons and objects near him and to point them out; to go about on the streets in the city of Houston, unattended, and to see objects about him sufficiently to guide. him in traveling about the city; and to see his signature to checks which he had signed. While he was on the witness stand, his ability to see and point out objects was demonstrated to the court and jury by his seeing and pointing out various objects and recognizing persons in the courtroom.

[1, 2] It is to be noted that the parties to the contract have not left it to the courts to interpret the term "totally blind," as used in the contract. They, by specific language contained in the contract, point out the meaning which they intended the term to bear, by stipulating that the blindness referred to means "practical blindness," which in turn is declared to mean "where no projection occurs even though light perception remains." We think that, by the undisputed evidence, the plaintiff in error is shown to have capacity for "projection," as that term is used by the parties in defining the condition of blindness to which the indemnity provision in question relates; and that there is no evidence tending to show that either of his eyes has not the power of projection. The contracting parties having removed such ambiguity as might otherwise have arisen from the terms "totally blind" and "practical blindness," by pointing out, in unambiguous language embodied in the contract, the meaning which they intended those terms to bear, courts are without authority to ascribe a different meaning to such terms. Brown v. Insurance Co., 89 Tex. 594, 35 S. W. 1060; British American Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901; Continental Casualty Co. v. Wade, 101 Tex. 105, 105 S. W. 35; 14 R. C. L. § 103, p. 926; 32 C. J. p. 1158, § 267; 1 Joyce on Ins. (2d Ed.) §§ 213–219.

The case was tried in the trial court, with the aid of a jury. At the conclusion of the evidence the defendant in error duly requested a peremptory instruction requiring the jury to return a verdict in favor of the defendant in error. This request was refused by the trial court. From a judgment in favor of the plaintiff in error an appeal was prosecuted to the Court of Civil Appeals, which court reversed the judgment of the trial court and rendered judgment in favor of the defendant in error. For the reasons herein stated, we think that the trial court erred in refusing the defendant in error's request for a peremptory instruction, and that the action of the Court of Civil Appeals in reversing the trial court's judgment and rendering judgment for defendant in error is correct, the case having been fully developed in the trial court.

The facts of the present case, we think, clearly distinguish the case, in principle, from the cases of International Travelers' Ass'n v. Rogers (Tex. Civ. App.) 163 S. W. 421; Commonwealth Bonding & Casualty Co. v. Bryant, 113 Tex. 21, 240 S. W. 893, Fidelity Casualty Co. v. Getzendanner, 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326; Casualty Co. v. Joiner, 178 S. W. 808; and Northern Accident Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 755, which are cited by the plaintiff in error as being in conflict with the holding of the Court of Civil Appeals herein; and because of which supposed conflict the writ of error herein was granted.

We recommend· that the judgment of the Court of Civil Appeals, reversing. the judgment of the trial court and rendering judgment for defendant in error, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.