### POTOMAC INS. CO. v. EASLEY.*
### (No. 835–4896.)

Commission of Appeals of Texas, Section B. Jan. 4, 1928.

**1. Insurance ⬪➝146(3)—Rule of strict construction of insurance policies in favor of insured applies only where there is ambiguity calling for construction.**

Rule that insurance policies must be interpreted most favorably to insured is only to be invoked where there is ambiguity calling for construction.

**2. Insurance ⬪➝423—Hail insurance policy held to exclude liability for loss to open cotton precluding application of strict construction for insured on question of damages therefor.**

Policy insuring cotton against hail, specifically providing that liability of company shall be reduced in same proportion in which crop matures, and declaring that when boll opens it shall be considered matured, expressly excludes liability for loss to open cotton and excludes application of strict construction in favor of insured on question of damages to open cotton.

**3. Contracts ⬪➝143—Court cannot make contracts for parties.**

Court cannot make contracts for parties.

**4. Insurance ⬪➝423—General provision exempting insurer from liability for damage by hail from insured's failure to harvest over-ripe crops did not create ambiguity as against specific exemption from liability for matured crops.**

General provision in hail insurance policy exempting company from liability for damage to

cotton resulting from negligence or failure of insured to harvest overripe crops *held* not to create an ambiguity as against specific exemption from liability for damages to matured crops defined as time when boll opens.

**5. Appeal and error ⟜1062(1)—Trial ⟜352 (4)—Issue of damage to open cotton held erroneously submitted under policy specifically exempting insurer from liability for matured cotton and verdict therefor unwarranted.**

In action against insurer for loss under hail insurance contract on cotton, specifically exempting insurer from liability for damages to matured crops defined as time when boll opens, it was error to submit issue of damage to open cotton and verdict for amount thereof must be set aside.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by J. M. Easley against the Potomac Insurance Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (293 S. W. 346), and defendant brings error. Reformed and affirmed.

E. G. Senter, of Dallas, for plaintiff in error.

Scarborough & Wilson, of Abilene, for defendant in error.

SPEER, J. This is an action by defendant in error against plaintiff in error to recover for a loss under a hail insurance contract upon a crop of cotton planted by defendant in error in the year 1925. There was a recovery in the district court for the face of the policy, $1,920, and on appeal that judgment was affirmed. 293 S. W. 346.

The cause was submitted in the trial court upon two issues:

"(1) What was the damage, if any, in dollars and cents to the unopen cotton?  (2) What was the damage, if any, in dollars and cents to the open cotton?"

The aggregate of the findings exceeded the face of the policy, and judgment was rendered for the latter amount.

The writ of error was granted to review the holding that a recovery could be had, under the terms of the policy, for damages to open cotton. The Court of Civil Appeals refused to consider the insurance company's assignments of error attempting to raise this question, but did treat it as fundamental and held that the recovery upon the verdict was within the terms of the policy.

The policy insured the holder in a sum "not to exceed $4 per acre" upon 480 acres of cotton, aggregating $1,920.

It is nowhere expressly stipulated that the policy does not cover open cotton, but the contention of plaintiff in error is that such is the necessary construction. The contention of plaintiff in error is based upon the following stipulation:

"When cotton is insured, the liability of the company shall be reduced in the same proportion in which said crop or any part thereof matures or is reduced by picking, pulling, cutting, or other harvesting, or by being in any manner damaged or destroyed. When a boll opens it shall be considered matured."

[1-4] While it is universally held in construing insurance policies that that interpretation most favorable to the insured will be adopted (Casualty Co. v. Wade, 101 Tex. 102, 105 S. W. 35; Dorroh-Kelly Mercantile Co. v. Orient Insurance Co., 104 Tex. 199, 135 S. W. 1165), yet the rule of interpretation is only to be invoked where there is ambiguity calling for construction. The specific language of the contract above quoted, to the effect that liability of the company shall be reduced in the same proportion in which the crop, or any part thereof, matures, and declaring that when a boll opens it shall be considered matured, makes definite the agreement and excludes the application of strict construction in favor of the insured. We cannot make contracts for parties, and this one is not attacked for fraud or mistake, and its express language excluding liability for loss to open cotton must prevail. There is a general provision in the policy exempting the company from liability for any loss or damage by hail resulting from the neglect or failure of the insured to cut, pick, pull, gather, or harvest overripe crops. But, this limitation of liability is general and cannot be held to create an ambiguity as against the specific exemption from liability for matured crops, which in case of cotton is stated to be when the boll opens.

[5] There is no evidence therefore to justify the submission of issue No. 2, and the verdict thereon should be set aside, and the judgment for $845 upon the jury's answer to issue No. 1 should be affirmed.

We accordingly recommend that the judgments of both courts be reformed so as to reduce the same to $845, with interest from the date of the judgment in the trial court, and as thus reformed that the same be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes