614

**SEXTET LOCAL MUTUAL AID ASS'N v.
COVINGTON et al. (No. 1208—5224.)\***

Commission of Appeals of Texas, Section A.
March 27, 1929.

W. C. Shults and H. E. Lobdell, both of Decatur, for plaintiff in error.

Patterson & Cates, of Decatur, for defendants in error.

Robert L. Cole, of Houston, as amicus curiæ.

HARVEY, P. J. The plaintiff in error is, as its name implies, a local mutual aid association. On January 10, 1925, the defendant in error, Mrs. Effie Covington, became a member of such association, and on that date the association issued to her a benefit certificate, which, among other things, contains the following provisions:

"*Partial Disability.* Said Association agrees to pay to the within named member fifty cents (50¢) for each member in good standing in this association responding to the call, should such member, while in good standing, lose one eye by removal of the eyeball from the body * * * said amount not to exceed Seven Hundred and Fifty Dollars ($750.-00). * * *"

Also the following general provision:

"All losses by partial * * * disability herein referred to shall mean the permanent loss of the eye * * * by removal from the body of the eyeball. * * *"

In March, 1926, Mrs. Covington, while a member of said association in good standing, received an injury to her right eye which resulted in the total and permanent loss of the sight of such eye; but the eyeball has never been removed from the body.

The question presented for decision is whether or not she has suffered a loss for which she is entitled to indemnification under the above-quoted provisions of the certificate. The trial court decided that she has not, and rendered judgment accordingly. The Court of Civil Appeals for the Second district made a contrary decision of the question, reversed that judgment, and rendered judgment for Mrs. Covington. 8 S.W.(2d) 679. The Supreme Court has granted the writ of error on the ground, alleged in the application for the writ, that the said decision of the Court of Civil Appeals is in conflict with the decision of materially the same question of law by the Court of Civil Appeals for the Sixth district, in the case of Eminent Household of Columbian Woodmen v. Hancock, reported in volume 174, page 657, of the Southwestern Reporter.

The above-quoted provisions of the benefit certificate are susceptible of no meaning other than that indemnity for the loss of an eye shall be payable only in case such loss results from removal of the eyeball from the body. Nothing appears elsewhere in the certificate or in the by-laws of the association which casts ambiguity upon the above-quoted provisions. The parties to the contract having by clear and unambiguous language provided for indemnity for loss of an eye by removal of the eyeball from the body, a loss of an eye, or of its use, by any other means or from any other cause, cannot, in the absence of grounds for equity jurisdiction, be treated by courts as coming within the terms of the contract. For to do so would be making a contract for the parties which they did not see fit to make for themselves. Williams v. Brotherhood of Locomotive Firemen and Enginemen (Tex. Com. App.) 298 S. W. 535, and authorities cited; Eminent Household, etc., v. Hancock, supra.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.

\*Rehearing denied May 1, 1929.