### GREAT SOUTHERN LIFE INS. CO. v. CHERRY. (No. 650.)

Court of Civil Appeals of Texas. Eastland. Jan. 3, 1930.

Rehearing Denied Jan. 31, 1930.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

McLean, Scott & Sayers, of Fort Worth, and John F. Evans, of Breckenridge, for appellee.

LESLIE, J. In this cause the plaintiff, Madge Cherry, beneficiary in an insurance policy issued by the Great Southern Life Insurance Company to John Ivan Glenn in the sum of $2,000, sued that company to recover the beneficial interest therein. The trial was before the court on an agreed statement of facts, and resulted in a judgment in favor of the plaintiff in the sum of $4,000 interest and attorneys' fees, and 12 per cent. penalty and costs. The insurance company has perfected its appeal, and it alone has briefed the case in this court.

The policy was issued for the sum of $2,000, and contained a provision that the amount would be increased to $4,000, if death resulted from accident, but was not the result of a homicide. The insured died November 24, 1927, as the result of pistol shot wounds inflicted upon him by one C. B. McBride, and the insured's death resulted about 30 minutes after the shooting. The insurance company, at the trial, admitted liability for $2,000, and denied liability for the additional $2,000 and the other items recovered in the judgment.

The pertinent provisions of the insurance policy were incorporated in the statement of facts. One attached as a rider and known as a supplemental contract provides:

"In event of death from accident the Company agrees to increase the amount payable hereunder to Four Thousand Dollars ($4,000.00) upon due proof that the death of the Insured occurs during the premium paying period, while this policy is in full force and effect, before any benefit or value under any of the provisions in this policy other than loans shall have been claimed and allowed, or granted automatically, and before the attainment of age sixty by the Insured, provided such death results solely from bodily injuries, caused directly, exclusively, and independently of all other causes by external, violent and purely accidental means, and provided also that such death shall have ensued within 90 days from the date of such injuries *and shall not be the result of homicide*, nor be caused directly or indirectly by self-destruction while sane or insane, disease or illness of any kind, physical or mental infirmity, any violation of law by the Insured, military or naval service of any kind in time of war or by engaging as a passen-

ger or otherwise in submarine or aeronautic expeditions."

Among other defenses, the defendant pleaded that the insured's death was the result of a homicide; that he died from pistol shot wounds intentionally inflicted; that, in fact, he was murdered.

The agreed statement of facts in this cause contains the following:

"It is agreed that John Ivan Glenn, the insured under said policy, died at Breckenridge, November 24th, A. D., 1927. It is further agreed that the death of said John Ivan Glenn resulted from a pistol wound intentionally inflicted on John Ivan Glenn on November 24th, A. D., 1927, by one C. B. McBride, without cause or provocation on the part of the said John Ivan Glenn. It is further agreed that said John Ivan Glenn died within about thirty minutes after he was shot by said C. B. McBride and said C. B. McBride at the time he shot said Glenn intended to thereby kill said Glenn and the death of said Glenn was murder."

The terms of the policy are expressed in clear language, and therefore no resort need be had to the rules of construction or interpretation relating to insurance contracts containing ambiguous expressions. Potomac Ins. Co. v. Easley (Tex. Com. App.) 1 S.W. (2d) 263.

Further, in approaching a correct decision of the case before us, it must be borne in mind, as stated in Burns v. American National Insurance Co. (Tex. Com. App.) 280 S. W. 762, 764, that:

"The general rule that contracts of insurance are to be strictly construed in favor of the insured does not affect the further general rule that contracts of insurance are to be construed as other contracts, and that all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. Travelers' Insurance Co. v. Scott (Tex. Civ. App.) 218 S. W. 53; Cooley's Briefs on the Law of Insurance, vol. 2, p. 1483.

Terms of contract free from ambiguity and not against the policy of the law to enforce establish the right of the parties thereto."

With these principles in mind, and passing to the facts of the case, we observe that it is conclusively established that the insured, Glenn, died as the result of a pistol shot wound within 30 minutes after the same was intentionally and without provocation inflicted on him by McBride, who intended to kill the deceased, and did so under circumstances amounting to murder. Under these undisputed facts, it follows that the court erred in granting a recovery on the double indemnity feature of the policy. True, the policy provided generally that "in the event of death from accident the company agrees to increase the amount payable hereunder to $4,000.00 upon proof" of certain facts. Nevertheless, in that connection and in the same paragraph, the insurer and the insured stipulated that there should be no increase in the amount payable under the policy in the event death came to the insured as a "result of homicide." In this the contracting parties created a specific exception to a general liability, and the exception is as binding as the other portions of the contract. In other words, the policy provided for liability against accidental death generally, and then expressly exempted the company from any increased liability for a certain accidental happening, to wit, homicidal death, as evidenced by the facts of this case. Under such circumstances, effect must be given to the exception, which, upon this record, is a bar to any recovery upon the double indemnity feature of the policy. Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 8 S. Ct. 1360, 32 L. Ed. 308; Continental Casualty Co. v. Annie Wade, 101 Tex. 102, 105 S. W. 35; Johnson v. Travelers' Ins. Co., 15 Tex. Civ. App. 314, 39 S. W. 972 (writ refused); National Life & Accident Ins. Co. v. De Lopez (Tex. Civ. App.) 207 S. W. 160; Order of United Commercial Travelers of America v. Dobbs (Tex. Civ. App.) 204 S. W. 468; Washington v. Union Casualty & Surety Co., 115 Mo. App. 627, 91 S. W. 988; Penn v. Travelers' Ins. Co. (Mo. App.) 225 S. W. 1033; Bader v. New Amsterdam Casualty Co., 102 Minn. 186, 112 N. W. 1065, 120 Am. St. Rep. 613; Doody v. National Masonic Accident Ass'n, 66 Neb. 493, 92 N. W. 613, 60 L. R. A. 424; Shevlin v. American Mutual Accident Ass'n, 94 Wis. 180, 68 N. W. 866, 36 L. R. A. 52; Garcelon v. Commercial Travelers', etc., 195 Mass. 531, 81 N. E. 201, 10 L. R. A. (N. S.) 961.

The appellant's first proposition is sustained. This is decisive of the four remaining propositions. They relate to the error of the court in permitting recovery of attorneys' fees, penalty, interest, and costs. In the agreed statement of facts, the parties stipulated "that in case the plaintiff recovers only $2,000.00 the insurer shall not be liable" for the four last named items. If we are correct in our conclusions on the first proposition, the remaining four must necessarily be sustained.

The judgment of the trial court will therefore be reformed and here rendered in favor of the plaintiff for the sum of $2,000 only, and, as reformed, the same is affirmed. It is so ordered.