## COUNTY GAS CO. v. GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION, LIMITED, OF PERTH, SCOTLAND.

### No. 2781.

Court of Civil Appeals of Texas. El Paso.
Jan. 26, 1933.

Rehearing Denied Feb. 16, 1933.

Roy C. Coffee, Karl F. Griffith, and Marshall Newcomb, all of Dallas, for appellant.

Robert B. Holland and Touchstone, Wight, Gormley & Price, all of Dallas, for appellee.

PELPHREY, Chief Justice.

On or about September 17, 1929, K. L. Johnson was engaged in reading gas meters for appellant and while so engaged went upon the premises of one James M. Boyd, in Dallas county, Tex., for the purpose of reading the gas meter located on said premises. Johnson, on account of his conduct, was ordered off the premises by Boyd, and to prevent his entry into the garage, Boyd placed himself in the doorway. Thereupon Johnson struck Boyd with a metal bound book, furnished him by appellant, injuring him. Thereafter Boyd instituted suit against appellant, and on June 11, 1931, an agreed judgment was rendered against appellant for $450 and costs of suit.

At the time the assault was committed, appellant had a public liability insurance policy with appellee. The policy contained the following provisions:

"(1) To indemnify the assured named in Statement No. 1 of the Declarations forming part hereof against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered through the Assured's negligence while this policy is in force by any person or persons not employed by the assured while at or about the places designated in such Declarations, or elsewhere, by reason of the prosecution by the assured of the work described in the said Declarations and in and during the continuance of said work."

"(2) To defend in the name and on behalf of the Assured any suits, even if groundless, brought against the Assured to recover damages on account of such happenings as are provided for by the terms of the preceding paragraph."

"(3) To Pay, irrespective of the limits of liability expressed in Condition O hereof, all costs taxed against the Assured in any legal proceeding defended by the Corporation, all interest accruing after entry of judgment upon such part thereof as shall not be in excess of said liability and the expense incurred by the Assured for such immediate medical or surgical relief as is imperative at the time of the accident, together with all the expense incurred by the corporation growing out of the investigation of such an accident, the adjudgment of any claim or the defense of any suit resulting therefrom."

Appellant gave appellee notice of the claim of Boyd against it and requested that appellee defend the suit. This appellee refused to do.

After the agreed judgment had been rendered, appellant filed this suit seeking to re-

cover from appellee the $450 paid to Boyd, $100 attorney's fees in the Boyd suit, $20.55 costs therein, and $200 attorney's fees and costs incurred in filing and prosecuting the present suit.

The trial court sustained a general demurrer to appellant's original petition. Appellant was granted leave to amend and filed his first amended original petition, which is included in the transcript here filed. Appellee answered by general and special demurrers and general denial. Upon hearing, the general demurrer to the amended petition was also sustained, and appellant refusing to amend further, his cause of action was dismissed. This appeal is from that action of the trial court.

### Opinion.

Appellant's brief contains two propositions as follows:

"Proposition No. I. The defendant insurance company having contracted with plaintiff gas company to indemnify it against loss by reason of the liability imposed by law upon the gas company for damages on account of bodily injuries accidentally suffered by any person or persons not employed by the gas company on account of the prosecution by the gas company of its business of distributing and selling natural gas to the public, and the gas company having alleged in its petition in this case facts showing that it had been sued for damages on account of injuries accidentally suffered by one Boyd, because of the acts and conduct of its agent and employee while engaged in reading gas meters and in the regular course of employment; that due and timely notice of said suit had been given to the insurance company with the request that it defend said suit; that said insurance company failed so to do and breached its indemnity contract with the gas company; that because of said failure and refusal of the insurance company to defend said suit and to indemnify this gas company for the sum of money expended by it in good faith in settling the suit and claim of Boyd, the gas company had suffered damages in a specified amount, the gas company's petition stated a cause of action against the insurance company and the trial court committed material error in sustaining the insurance company's general demurrer to the gas company's first amended original petition and in dismissing the suit.

"Proposition No. II. It appearing from the allegations in the gas company's First Amended Original Petition that the insurance company had issued its indemnity policy to the gas company whereunder the insurance company agreed to defend in the name and on behalf of the gas company any suits, even if groundless, brought against the gas company to recover damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered through the gas company's negligence by any person or persons not employed by the Assured by reason of the prosecution by the gas company of its business of distributing and selling natural gas, and it further appearing from said allegations that one J. M. Boyd had brought suit against the gas company for the recovery of Fifteen Thousand ($15,000.00) Dollars on account of bodily injuries inflicted on his person by the gas company's meter reader while acting in the due course of his business, and that Boyd's injuries were accidentally suffered; that the insurance company was duly notified of said suit and requested to defend same but refused to do so; that the gas company settled said suit in a manner advantageous to it and that an agreed judgment in the amount of Four Hundred Fifty ($450.00) Dollars was entered and said judgment was paid by the gas company; that by reason of the insurance company's failure to defend said suit, and perform its obligations thereunder the gas company was damaged in the total sum of Seven Hundred Seventy and 55/100 ($770.55) Dollars, the gas company's petition stated a cause of action against the insurance company and the trial court committed material error in sustaining the insurance company's general demurrer and in dismissing the suit."

Appellant, under these propositions, argues that Boyd's petition (which petition is attached to and made a part of its petition) alleging facts which show that his injuries were accidentally suffered, in so far as he was concerned, appellee was liable under the indemnity agreement above quoted. Appellee, in three counter propositions, in substance, contends that the injuries having been the result of an assault, were not accidentally suffered; that if they were accidentally suffered, appellee would not be liable because they did not arise through the negligence of appellee; and that if the policy indemnified against loss resulting from liability imposed by law for damages for bodily injuries suffered through "a vicious assault," it would be against public policy and void.

The parties disagree as to the construction to be given the following portion of the indemnity clause: "accidentally suffered or alleged to have been suffered through the Assured's negligence." Appellant contending that the clause covers bodily injuries accidentally suffered whether arising from negligence (or alleged negligence) or otherwise; while, as before stated, appellee's contention is that the injuries must first be suffered accidentally and, second, through either the negligence or the alleged negligence of appellant. Appellant, in support of its contention, invokes the well-established rule of law that an indemnity policy must be liberally construed in favor of the insured so as not to defeat, without a plain necessity, his claim for indemnity.

1090

With that principle we heartily agree, but it must be borne in mind that such doctrine cannot be carried to the extent of making a new contract in disregard of the plain and unambiguous language used. U. S. Fidelity & Guaranty Co. v. Baldwin Motor Company (Tex. Com. App.) 34 S.W.(2d) 815; Continental Casualty Co. v. Wade, 101 Tex. 102, 105 S. W. 35; Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 76 S. W. 745, 64 L. R. A. 349, 104 Am. St. Rep. 857, 1 Ann. Cas. 252; Brown v. Insurance Company, 89 Tex. 590, 35 S. W. 1060; East Texas Fire Ins. Co. v. Kempner, 87 Tex. 229, 27 S. W. 122, 47 Am. St. Rep. 99.

We have concluded that the provision is not ambiguous and can only mean that appellee was to indemnify appellant in cases where third parties suffered accidental injuries and where such accidental injuries arose through the negligence or alleged negligence of appellant.

To place any other construction upon the provision would, in our opinion, be making a contract for them which they did not see fit to make.

There being no allegation of any fact of negligence in the petition of Boyd and no allegation in appellant's petition that the judgment recovered by him against it was based upon any negligence on its part, the trial court properly sustained the demurrer to the petition.

In view of our above conclusion, the remaining questions call for no discussion.

The judgment is affirmed.