## HEROLD v. ÆTNA LIFE INS. CO.
### No. 3111.

Court of Civil Appeals of Texas. El Paso.

Jan. 10, 1935.

Leo R. Tresp, of Dallas, for appellant.

Harry P. Lawther and Robert M. Perry, both of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by Herold upon an insurance policy issued by appellee insuring the plaintiff against loss resulting, directly and independently of all other causes, from bodily injuries effected solely through external, violent, and accidental means.

A general demurrer and exceptions, special in form but general in nature, were sustained, and the suit dismissed.

The policy was copied in the petition. The action is based upon those provisions of the contract which read:

"Part II. Single Weekly Indemnity.
"Total Disability.

"A. If such injuries do not result in any of the losses provided for in Part I, but alone totally disable the insured, that is, from date of accident continuously and wholly prevent him from prosecuting any and every kind of business pertaining to his occupation, the company will pay the sum of Eighteen and No/100 Dollars ($18.00) per week so long as he shall live and suffer such disability."

"Part II. Single Weekly Indemnity.
"Partial Disability.

"B. If such injuries do not totally disable the insured, as above, but alone partially disable him, that is, from date of accident, or immediately following a period of total disability as above defined, continuously and wholly prevent him from performing one or more important daily duties pertaining to his occupation, the company will pay two-fifths of the amount per week payable for total disability for the period of such partial disability, but not for more than twenty-six consecutive weeks."

"Part V. Surgical Operations.

"If the insured shall sustain bodily injuries covered by this policy solely by reason of which any operation or operations named in the schedule of operation below are performed by a surgeon during a period of total or partial disability (as herein defined), and within ninety days from date of accident, the Company will pay the amount expended by him for such operation not exceeding the largest amount provided in said schedule for any one of the operations so performed in addition to other indemnity herein provided."

The petition shows the accidental injury upon which the plaintiff bases his suit occurred on March 4, 1932, while plaintiff was engaged in work at his occupation as a bricklayer. The injury appeared to be a trivial one to the knee. The knee and leg were bandaged by the employer's surgeon, who advised plaintiff he could return to his duties. Plaintiff continued to work at his said occupation until June 10, 1932, when he was examined by a physician, who recommended an operation upon the injured knee. On July 1, 1932, such operation was performed which consisted of an incision in the injured knee and removal of a portion of the lateral cartilage of the knee.

It was alleged plaintiff was totally disabled by the injury and operation for sixteen weeks, for which he was entitled to indemnity at the rate of $18 per week, and was partially disabled for ten weeks, for which he was entitled to indemnity at the rate of $7.20 per week and also entitled to $54 as operation fee.

It was alleged: "That loss of time and injury and loss resulting from the expense of his operation did not begin until after he had arrived in the City of Dallas about the 10th day of June A. D. 1932."

In order to state a cause of action under the total disability provision of the policy, it was necessary to show that, by reason of the injury, plaintiff was totally and contin-

uously disabled from the date of the accident which wholly prevented him from prosecuting any and every kind of business pertaining to his occupation.

■ The language of this provision is not to be given a literal interpretation, but is to be construed as promising indemnity for total and continuous disability if the injury "rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation." Commonwealth B. & C. Ins. Co. v. Bryant, 113 Tex. 21, 240 S. W. 893; Kemper v. Police & Firemen's Ins. Ass'n (Tex. Com. App.) 44 S.W.(2d) 978; Hefner v. F. & C. Co., 110 Tex. 596, 222 S. W. 966, 160 S. W. 330. .

■ There is no allegation of disability in any degree between March 4, 1932, and June 10th, when the operation was performed and the total disability commenced. The allegations show plaintiff continued to work at his usual occupation until about June 10th. There are no allegations which would invoke the liberal rule of interpretation announced in the cases cited by appellant. The petition fails to state a cause of action for total and continuous disability. Hefner v. F. & C. Co., supra; Continental Cas. Co. v. Wade, 101 Tex. 102, 105 S. W. 35.

■ Nor was a cause of action for partial disability alleged, because it was necessary to show such disability from the date of the accident or immediately following a period of total disability, as above defined, which continuously and wholly prevented, etc. As shown above, no total disability within the meaning of the contract was alleged, and the partial disability commenced some months after the injury. Neither of the contingencies upon which the right to demand indemnity for partial disability are alleged.

■ As to the claim for the operation fee, this was not recoverable because the operation was performed more than ninety days after the date of the accident.

The petition was clearly subject to general demurrer for the reasons stated. It is therefore unnecessary to consider whether the other grounds of demurrer, as stated in the special exceptions, are well taken.

Affirmed.