Martin Weldon MURRAY, Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

No. 17372.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 19, 1973.

Rehearing Denied Feb. 16, 1973.

Buck, McBryde & Bogle, and John Mc-Bryde, Fort Worth, for appellant.

Thompson, Knight, Simmons & Bullion, Bennett W. Cervin, and David S. Kidder, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

The question presented on appeal is whether the event made requisite as the condition of payment of insurance benefits has occurred. Although the jury returned answers to special issues submitted in favor of the plaintiff—albeit none of such issues posed the ultimate question—the trial court rendered judgment *non obstante veredicto* for the defendant insurance company.

We affirm.

The insurance payable in the event of liability was termed the "principal sum". By language in the policy the "principal sum" was payable in the event of either the death of the insured plaintiff, or in the event he should sustain "Loss of two or more members (of his body)". In the event of the loss of only one "member" the amount payable was one-half the "principal sum".

By policy language there were certain prescribed definitions agreed upon by the parties to the insurance contract, viz: " 'Member' means hand, foot or eye. 'Loss' means, with regard to hand or foot, *actual severance through or above the wrist or ankle joints*; with regard to eye, entire and irrecoverable loss of sight." (Emphasis supplied.)

Plaintiff sustained an injury as result of a projectile striking and entering his body in the neck area, and which projectile severed the spinal cord. In consequence he was permanently rendered quadriplegic. There was never any surgery upon or in the area of plaintiff's legs or feet and the only effect of the injury upon that area of his body was that there was a total permanent loss of control, his legs having by the injury been rendered totally lifeless. Essentially, what we desire to make clear is that plaintiff sustained a total and permanent "loss of use" of his feet and legs.

On the theory that in general the provisions of insurance policies for payment because of the "loss" of a member of the human body is equivalent to and also embrace the "loss of use" of such member, with the insurance payable in like amount in either event; coupled with ingenious and imaginative additional legal reasons why the insurance policy should be held to have supplied the indemnity therein contracted to be paid, plaintiff urges a reversal of the trial court's judgment *non obstante veredicto* and the entry by this Court of a judgment on the verdict (as he interprets it) for the contractual "principal sum", plus attorney's fee as found by the jury.

We are of the opinion that by the settled law of this state the contention of plaintiff must be overruled. By the Supreme Court of Texas, The Commission of Appeals, Section A, was assigned the case of Sextet

Local Mutual Aid Ass'n v. Covington, 15 S.W.2d 614 (1929), and thereupon it wrote:

"The question presented for decision is whether or not she (the plaintiff) has suffered a loss for which she is entitled to indemnification under the above-quoted provisions of the certificate. The trial court decided that she has not, and rendered judgment accordingly. The Court of Civil Appeals for the Second district made a contrary decision of the question, reversed that judgment, and rendered judgment for Mrs. Covington. 8 S.W.2d 679. The Supreme Court has granted the writ of error on the ground, alleged in the application for the writ, that the said decision of the Court of Civil Appeals is in conflict with the decision of materially the same question of law by the Court of Civil Appeals for the Sixth district, in the case of Eminent Household of Columbian Woodmen v. Hancock, reported in volume 174, page 657, of the Southwestern Reporter.

"The above-quoted provisions of the benefit certificate are susceptible of no meaning other than that indemnity for the loss of an eye shall be payable only in case such loss results from removal of the eyeball from the body. . . . The parties to the contract having by clear and unambiguous language provided for indemnity for loss of an eye by removal of the eyeball from the body, a loss of an eye, or of its use, by any other means or from any other cause, cannot, in the absence of grounds for equity jurisdiction, be treated by courts as coming within the terms of the contract. For to do so would be making a contract for the parties which they did not see fit to make for themselves. Williams v. Brotherhood of Locomotive Firemen and Enginemen (Tex.Com.App.) 298 S.W. 535, and authorities cited; Eminent Household, etc., v. Hancock, supra.

"We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed."

By memorandum the Supreme Court reversed the judgment of the Court of Civil Appeals and affirmed that of the trial court, as recommended by the Commission of Appeals.

The decision which was by the foregoing opinion necessarily upheld was Eminent Household of Columbian Woodmen v. Hancock, 174 S.W. 657 (Texarkana Civ. App., 1915, no writ hist.). In that case the plaintiff's arm had become paralyzed when the large muscle and motor nerve of the arm were cut in a fight. He sought recovery under an insurance policy providing coverage for "loss of one arm". The policy incorporated the constitution and by-laws of the defendant, which provided that benefits would be paid to any policyholder " '. . . sustaining the loss of one arm by severance at or above the wrist . . . .' " The Court wrote, in holding that plaintiff could not recover under the policy since his arm had not been amputated, stating:

"The provision in the constitution and by-laws is capable of no other construction than one limiting the liability of appellant for the loss of an arm to one lost by severance *from the body*." (Emphasis supplied.)

In *Hancock* the court recognized that but for incorporation of the constitution and by-laws into the policy the insurance would have been payable, but held that since there was such incorporation the restrictions and provisions, relative to a requirement for severance of the member were effective and controlling and therefore inhibitive of any recovery.

Counsel for both plaintiff and the insurance company have prepared exhaustive briefs in which they have researched the contradictory law holdings in many states in analogous and near-analogous circumstances. However, as already indicated, the law as stated in *Hancock* and later approved in *Sextet Local Mutual Aid Ass'n* is still the law in Texas which this intermediate court is obliged to follow. Fur-

thermore, we are of the opinion correct insurance contract law is therein reflected.

We have severally considered all the other points of error and overrule them as either without merit or as immaterial in view of our holding as above discussed.

Judgment is affirmed.