SHEANON, Respondent, vs. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellant.

*October 1 — October 14, 1890.*

*Accident insurance: "Loss of two entire feet."*

An insurance policy provided that the principal sum should be paid if the insured, from a violent and accidental injury which should be externally visible, should "suffer the loss of the entire sight of both eyes, or the loss of two entire hands, or two entire feet, or one entire hand and one entire foot." The insured was accidentally shot in the back, the bullet penetrating his spine and producing immediate and total paralysis of the lower part of his body, and entirely destroying the use of both feet. *Held*, that he had suffered "the loss of two entire feet," within the meaning of the policy.

APPEAL from the Circuit Court for *Dane* County.

Action upon a policy of insurance against accident. The defendant appeals from an order overruling a general de-

Sheanon vs. The Pacific Mutual Life Ins. Co.

murrer to the complaint. The facts stated in the complaint will sufficiently appear from the opinion.

For the appellant there was a brief by *Ogden & Hunter*, and oral argument by *L. M. Ogden.*

*H. W. Chynoweth*, for the respondent, as to the construction given the words, "total loss" and "wholly destroyed," in analogous cases, cited *Carr v. Providence W. Ins. Co.* 38 Hun, 86; *Levy v. Merchants' M. Ins. Co.* 52 L. T. 263; *O'Leary v. Stymest*, 6 Allen (N. B.), 289; *Snow v. Union M. M. Ins. Co.* 119 Mass. 592; *Livermore v. Newburyport M. Ins. Co.* 1 id. 278; *Insurance Co. v. Fogarty*, 19 Wall. 640; Bouvier, Law Dict.; Anderson, Law Dict.; *Oshkosh P. & P. Co. v. Mercantile Ins. Co.* 31 Fed. Rep. 200; *Williams v. Hartford Ins. Co.* 54 Cal. 442; *Seyk v. Millers' Nat. Ins. Co.* 74 Wis. 67; *Harriman v. Queen Ins. Co.* 49 id. 85.

COLE, C. J.    It is almost superfluous to say that the construction of a policy of life or accident insurance is governed by the same rules as those which are applicable to the construction of other written contracts; that is, they should be construed according to the sense and meaning of the language used, in order to carry out the intention of the parties to the contract, when ascertained.    And it is doubtless true that, in arriving at the intention of the parties, the language is to be understood in its ordinary and popular sense, unless it appears that it was used in some special or peculiar sense.    There can be no disagreement as to the application of these cardinal and familiar rules in the construction of such contracts as the one before us.

Now, in view of these rules, what conclusion must be reached upon the facts stated in the complaint? It appears that the plaintiff was shot in the back, during the life of the policy, while he was attempting to escape from a saloon quarrel commenced by other parties; and the ball penetrated his spine, and produced an immediate and total

paralysis of the lower part of his body, and entirely destroyed the use of both feet. The quarrel in the saloon arose suddenly, and was carried on without any participation therein by the plaintiff, and without his fault. He happened to be in the saloon when it occurred, and seems to have used due caution for his personal safety and protection; but he was shot in the back, probably accidentally, by one of the parties engaged in the quarrel. The question is, Does the policy cover such an injury? The policy covers both death and indemnity; the company agreeing to pay the principal sum if the insured, from a violent and accidental injury which should be externally visible, should "suffer the loss of the entire sight of both eyes, or the loss of two entire hands, or two entire feet, or one entire hand and one entire foot." This is the language of the policy, and the question is, What does it mean, or what must be understood by it? Is its meaning that the insured is not entitled to recover the insurance money unless his legs and feet have been amputated or severed from his body, or does it mean that the injury must have destroyed the entire use of his legs and feet so that they will perform no function whatever?

The contention of the learned counsel for the defendant is that the clause is to be understood in the former sense, and implies an amputation or physical severance of the feet from the body, and does not include an injury such as paralysis, though such injury actually deprives the insured of all use of his feet and legs. We cannot adopt such a construction of the contract. To our minds the loss of the hands and feet embraced in the policy is an actual and entire loss of their use as members of the body; and if their use is actually destroyed, so that they will perform no function whatever, then they are lost as hands and feet. In ordinary and popular parlance, when a person is deprived of the use of a limb, we say he has lost it. This is the or-

dinary sense attached to the word when used in such a connection. Now, if the feet and hands cannot be used for the purpose of moving about or walking, or for holding and handling things, they are in fact lost as much as though actually severed from the body. The expression "loss of feet" would generally be understood to mean a loss of the use of these members'; and if the lower portions of the plaintiff's body and his feet are completely paralyzed, and he is permanently and forever deprived of their use, he has suffered "a loss of two entire feet," within the meaning of the policy. This is the proper construction of the words of the contract. It is a forced and unnatural construction of the language, as here used, to hold that it means an actual amputation of these limbs, and does not embrace and include an entire deprivation of their use as members of the body. It is not necessary to go into any recondite or elaborate discussion of the language of the policy, but only to give it its ordinary and popular sense. And, understanding it in that sense, we are very clear that the complaint states a cause of action, and that the demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.