TRAVELERS PROTECTIVE ASSOCIATION v. BRAZINGTON.

[No. 9,836.   Filed May 9, 1919.   Rehearing denied October 7, 1919.]

1. INSURANCE. — *Fraternal Insurance.* — *Policy.* — *Construction.* — *"Loss of Four Fingers on Either Hand by Severance."*—Under a provision in the constitution of a fraternal beneficiary association providing for indemnity "in case of loss of four fingers on either hand by severance," the insurer would be required to pay the stipulated indemnity where there is loss by severance of any material part of each of the four fingers on one hand, whenever because of such severance each of the fingers is left practically useless. p. 132.

2. APPEAL.—*Disposition of Cause.*—*Death of Appellee.*—Where the death of appellee after submission of the cause is suggested in the record, affirmance of the cause will be as of the date of submission. p. 135.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Action by Alvah C. Brazington against the Travelers Protective Association. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*White & Haymond,* for appellant.
*Miller, Dailey & Thompson,* for appellee.

ENLOE, J.—This was an action upon a policy of insurance. The appellant, as appears from the record, is a fraternal beneficiary association, and the appellee was a member thereof. On July 18, 1914, the appellee received an injury to his right hand, resulting in the severance of the little and ring fingers of said hand at the knuckle joints; the severance of the middle finger at the middle joint; the first or index finger was cut and crushed between the first joint and the distal end of the finger to the extent that the nail of said finger was crushed, or torn off, the side of the finger so cut and crushed

that the bone was exposed to view, and the distal end of said finger, at least so far as muscular tissue is concerned, was also crushed off to the extent that the same was hanging only by some shreds of skin and flesh. The surgeon, in dressing this finger, cut off about three-fifths or an inch of the distal end of the bone of the finger, stitched back the flesh of the distal end that had been crushed off, but not entirely severed, and which flesh so stitched back in due time united with the body of the finger.

At the time of the accident appellee was in good standing in appellant society, and no question is made on this appeal as to the sufficiency of any of the pleadings.

The only error assigned and not waived is the action of the court in overruling appellant's motion for a new trial. This assignment challenges the sufficiency of the evidence to support the verdict, and also the action of the court in giving certain instructions, and in refusing to give certain other instructions tendered by appellant.

At the time appellee was injured one of the articles in appellant's constitution was as follows:

> Sec. 2, Art. IX. "Whenever a member in good standing shall, through external, violent and accidental means, under the provisions and limitations of the Constitution and amendments thereto, receive bodily injuries which shall, independently of all other causes, result in the loss of his legs, arms or eyes, within six months from the date of said accident, he shall be entitled to indemnity as follows: $5,000.00 in case of loss of both legs or both arms by severance; $2,500.00 in case of loss of one hand or one foot by sev-

erance above the wrist or ankle; $1,300.00 in case of loss of four fingers on either hand by severance."

This entire controversy turns upon the construction to be given to the above-quoted section. It will be noted that *as to the fingers no place of severance is fixed,* as is done as regards severance of hand or foot, as provided above. It will also be noted that the article of the constitution above quoted does not limit the liability by declaring a *total* loss to be requisite. The loss must come by severance; by some act which separates at least some part of each of four fingers on the same hand; it must also be caused by violent, external, and accidental means. Considering this section of the constitution, the object of the parties, the relation of the parties, and the language employed, we think that a fair and reasonable construction of said section is that the appellant would pay the sum named in those cases where, through loss by severance of any material part of each of the four fingers on one hand, because of such severance each of said fingers was left in such condition that it was thereafter practically useless. The loss of the *use of the fingers* was the thing against which indemnity was sought.

In this case there is no contention as to any of the fingers of the appellee, except the first or index finger. As to this finger there is and can be no contention but what a portion thereof was lost "by severance," but it is contended that, as the testimony shows that appellee had some use of this finger, it was not a "loss" within the terms of the contract.

The court submitted to the jury, at the request of the appellant, certain interrogatories covering,

among other things, the extent of plaintiff's injuries, and which interrogatories and answers thereto were as follows: "No. 5. After plaintiff's injury was the little finger and the third, or ring finger, of his right hand amputated at the last joint? Answer. Yes. No. 6. Was the second finger of plaintiff's right hand, after the injury on July 18, 1914, amputated at the second joint from the distal end? Answer. Yes. No. 7. On July 18, 1914, at the time of plaintiff's injury, was the end of the index or forefinger injured to such an extent that a small portion of the bone was removed and a small portion of the flesh and nail removed? Answer. Yes. No. 8. Has the nail on plaintiff's index finger, since the injury, grown out completely? Answer. No. No. 9. Does plaintiff have the free use of each joint of the index finger. Answer. No. No. 12. Does plaintiff now have the full use of his index finger, with the exception that at times is not quite as sensitive to touch as it was prior to the injury? Answer. The finger is practically useless. No. 13. If you answer Interrogatory Number 12 'No' or in the negative, then state as your answer to this interrogatory the extent of the injury to plaintiff's index finger and what use plaintiff is able to make of said finger at the present time? Answer. The finger is practically useless."

The jury also returned answers to interrogatories submitted by appellee, as follows: "No. 1. Was the end of the index finger of plaintiff's right hand cut off as far back as the root of the nail by the accident and injury except a little bit of skin on the inside of said finger? Answer. Yes. No. 2. As the result of the injury sustained by the plaintiff on the 18th day of July, 1914, has he lost substantially the use of the

index or front finger of his right hand? Answer. Yes."

Interrogatories numbered 5, 6 and 7, submitted by appellant, each called for the finding of fact as to the extent of the loss of each of said fingers physically by severance, and Nos. 9, 12 and 13 were each directed to the extent of loss *of use* of the index finger, and were so understood by the jury, and, while the answers to Nos. 12 and 13 are not categorical in form, yet each question is sufficiently answered. In No. 1 of the interrogatories submitted by the appellee the jury found that the end of appellee's index finger, as far back as the root of the nail, had been cut off by the accident in question, and in No. 2 they find that appellee has lost substantially the use of this finger.

The appellant cites the case of *Wiest v. United States, etc., Ins. Co.* (1914), 186 Mo. App. 22, 171 S. W. 570, and insists that it is decisive of the case at bar. In that case the policy provided for loss by severance *at or above the wrist joints* (our italics), and a severance of the thumb, first, second and third fingers, and a portion of the palm of the hand, was held not to be within the condition of the policy.

The case of *Newman v. Standard Accident Ins. Co.* (1915), 192 Mo. App. 159, 177 S. W. 803, also cited and insisted upon by appellant, is not in point, for in this case also the point of severance was fixed as to its minor limits, and plaintiff was held as to his injury, not to be within the terms of the policy, the severance having been below the point fixed in the policy.

The views we have expressed as to the meaning of the clause of the constitution of appellant society

(§2, Art. IX) finds support in the following cases: *Sneck* v. *Travelers' Ins. Co.* (1895), 88 Hun 94, 34 N. Y. Supp. 545; *Sheanon* v. *Pacific, etc., Ins. Co.* (1890), 77 Wis. 618, 46 N. W. 799, 9 L. R. A. 685, 20 Am. St. 151; *Beber* v. *Brotherhood, etc.* (1905), 75 Neb. 183, 106 N. W. 168, 121 Am. St. 782.

Complaint is also made of the action of the court in giving certain instructions, and the refusal to give others tendered by appellant. The instructions given, taken as a whole, fairly state the law, and are in harmony with the views herein expressed. There was no error in refusing to give the tendered instructions which were refused.

We find no reversible error in the record. The death of appellee since the cause was submitted having been suggested in the record, the cause is therefore affirmed as of the date of the submission. Judgment affirmed.