CULPEPPER, Judge.
This is an action to recover benefits under an accident insurance policy covering, among other things, a “loss of hand”. The trial judge found there was no “loss of hand” within the meaning of the policy. Plaintiff appealed.
The policy defines “loss of hand” as follows:
“The loss of hand or foot means the complete and permanent loss of use of such member, either by paralysis or by severance at or above the wrist or ankle joint, respectively; provided however, that loss by severance of the four fingers entire shall likewise constitute loss of hand.” (emphasis supplied)
The facts are undisputed. Plaintiff, a right-handed 56 year old man, lost portions of the four fingers of his right hand on September 5,1975, while cutting wood with a power saw. He lost two-thirds of the distal phalanx of the index finger, the distal phalanx and one-half of the middle phalanx of the middle finger, the distal phalanx and two-thirds of the middle phalanx of the ring finger, and the distal phalanx and one-half of the middle phalanx of the little finger. In other words, plaintiff lost the tip of his index finger, about half of his middle finger, slightly more than half of the ring finger and about one-half of the little finger. His thumb was not injured.
Dr. Terry A. Cromwell, a specialist in plastic and reconstructive surgery, examined plaintiff’s hand four months after the accident. This physician reported:
“Physical examination at this time reveals a right hand which does have the stumps of the four fingers which were badly damaged. He has complete and full range of motion of the right thumb and good range of motion of the remaining joints of the stumps of the four fingers of the right hand. Because of the shortening of the right middle finger, right ring finger, and right little finger, they do not approach the distal palmar crease enough to be of any use whatsoever as far as grasping an object. Objects are grasped mainly by the pinch action between the thumb and index finger with some help from the stump of the middle finger. The stumps of the fingers are not hypersensitive and are well padded. On testing the grip strength, the patient’s left hand had 80 pounds of grasp strength *78 while the right hand had 25 pounds of grasp strength. . . . ”
In another section of his report entitled “Recommendations”, Dr. Cromwell assessed the extent of the impairment of the right hand’s function:
“Mr. Laprairie has a very useful right hand in some respects. He has a 50% permanent impairment of the right hand as far as actual loss of digits is concerned. His hand is still very useful for tasks which do not demand heavy lifting or sustained grip. . . .”
The doctor then explained that there was a 100% impairment of the hand for tasks requiring heavy lifting or sustained grip, such as logging operations. Thus, plaintiff is disabled from pursuing his former occupations as a laborer, carpenter, logger, oil field worker, etc.
Dr. Cromwell did not recommend further surgery, because, as he stated in his report, plaintiff “does have very effective pinch between the stump of the right index finger and the right thumb, which is normal.”
The question is whether, under these facts, the plaintiff suffered a “loss of hand” within the meaning of the above quoted provision from the policy. An analysis of the provision shows that “loss of hand . means the complete and permanent loss of use of such member” in one of three ways: (1) by paralysis, (2) by severance of the hand at or above the wrist joint or (3) by severance of the four fingers entire.
There is no contention that plaintiff has lost the use of his hand by paralysis or by severance at the wrist. Hence, these two provisions are not at issue. The pertinent provision is that “loss by severance of the four fingers entire shall likewise constitute loss of hand.” It should be noted that the policy provides no benefits for loss of fingers':'' The only way in which the loss of fingers is relevant is insofar as such loss bears on the question of whether there has been a loss of the hand.
Plaintiff contends he should recover since the partial severance of the four fingers of his right hand has resulted in the substantial loss of use of his right hand based on his occupation, age and education. He cites no Louisiana case in point, but he quotes from Appleman’s On Insurance, Section 702, page 688 and from 45 C.J.S. Insurance § 900, p. 987, and he cites Richardson v. Liberty Mutual Insurance Company, 254 N.C. 711, 119 S.E.2d 871 (1961) and Travelers Protective Association v. Brazington, 71 Ind.App. 130, 123 N.E. 221. Plaintiff cites these authorities for the proposition that a provision for loss of a member of the body “by severance” applies both where the entire member is severed and where the entire member is rendered useless as a result of severance in whole or in part. These authorities are readily distinguished from the present case, since here the entire hand was not rendered useless by severance or otherwise. Plaintiff still has substantial use of the hand. He has not suffered a “complete and permanent” loss of use of the hand, as the policy requires.
The defendant cites Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72, 125 A.L.R. 1075 (1939). In that case the policy provided benefits for “Loss of one hand by severance at or above wrist-joint”. Our Supreme Court recognized that cases from other jurisdictions construe loss of use as loss of a member. However, the court held:
“But the overwhelming weight of authority is to the effect that, where an insurance policy provides indemnity for the ‘loss of a hand’, or the Toss of a foot’, or the Toss of an arm’, and provides in the policy a definition or a specific statement as to what shall constitute a loss of such member, effect must be given to this qualifying definition or explanation.”
In the present case, unlike Muse, the policy does provide for “loss of use”. However, this phrase is qualified by specific restrictive language as to what shall constitute loss of use. The policy states that the loss of use of the hand must be “complete and permanent”. Furthermore, it provides that the loss of use must result from (1) paralysis, (2) severance at the wrist joint, or (3) *79 loss by severance of the four fingers entire. The facts in the present case show that the loss of use of the hand has not been complete. There is no contention that there has been loss of use of the hand by paralysis or severance at the wrist. The only contention is that there has been loss of use of the hand by severance of the four fingers. But the facts show that the four fingers were not severed “entire”, nor were they severed to the extent that the hand is completely useless.
It is true that plaintiff does not enjoy the same full use of his hand that he had prior to the accident. But the evidence is just as clear that plaintiff still has substantial use of the hand.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.