Donald JUHLIN, Appellant,

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Respondent.**

No. 51200.

Supreme Court of Minnesota.

Dec. 19, 1980.

Gross, Von Holtum, Von Holtum, Sieben & Schmidt, Minneapolis, for appellant.

Mahoney, Dougherty & Mahoney, Minneapolis, for respondent.

OTIS, Justice.

Plaintiff appeals from a summary judgment entered by the district court, Dakota County, dismissing the plaintiff's action for declaratory judgment on an accident policy. Plaintiff had asked the district court to construe an insurance contract's use of the words "loss by actual severance" to cover an accident-caused paralysis of his legs and feet. We affirm the judgment of the district court, and hold that the use of the words "loss by actual severance" in the insurance contract was unambiguous and did not cover the kind of injury the plaintiff suffered.

On November 16, 1975, the plaintiff, Donald Juhlin, took a ride in a private plane. The ride was not for business, but for pleasure. The ride ended when the plane crashed near Hibbing, Minnesota. The plaintiff survived the crash, but sustained a compression fracture of the spine, and such damage to his spinal cord that he is without motor function in his legs and feet, a permanent paraplegic.

At the time of the injury, the plaintiff had accident insurance under a group policy issued by the defendant to the plaintiff's employer. Subsequent to the injury, the plaintiff filed a claim for the principal sum of the policy, $50,000 under the policy's coverage for loss of limb.

The policy's description of coverage begins with the words "Loss of Life, Limb or Sight Indemnity," but in the explanatory text it substitutes the term "member" for

"limb." It defines "member" to mean a "hand, foot, or eye." The plaintiff made his claim for what the policy terms "Loss of two or more members," or in his terms, the loss of both of his feet.

The defendant insurance company denied that the policy covered the kind of injury and loss that the plaintiff suffered. The description of coverage defines "loss" to mean, with regard to hand or foot, "actual severance through or above the wrist or ankle joints." The defendant insurance company denied both that the plaintiff's spinal injury constituted an "actual severance" and that the concomitant paralysis of the plaintiff's legs and feet was a "loss" as defined in the policy.

None of this court's previous decisions construes an insurance policy's use of the words "actual severance through or above the ankles." Some courts in other jurisdictions have construed the same or quite similar phrasing as that in controversy here. Two decisions support plaintiff's view that "loss" can mean loss by use or dismemberment but in neither case was the term "loss" defined by the policy or statute. *See Sheanon v. Pacific Mutual Life Insurance Co.,* 77 Wis. 618, 46 N.W. 799 (1890); *A. O. Smith v. Industrial Commission,* 69 Ill.2d 240, 243, 13 Ill.Dec. 672, 673, 371 N.E.2d 607, 608 (1977).

Four decisions support plaintiff's view that "loss" can mean loss of use even when the insurance policy in controversy defines "loss" to mean some kind of "severance" *Westenhover v. Life & Casualty Insurance Co.,* 27 So.2d 391 (La.App.1946); *Interstate Life & Accident Co. v. Waters,* 213 Miss. 265, 56 So.2d 493 (1952); *Huff v. Vulcan Life & Accident Insurance Co.,* 281 Ala. 615, 206 So.2d 861 (1968); *Reliance Insurance Co. v. Kinman,* 252 Ark. 1168, 483 S.W.2d 166 (1972). However, the plaintiff in each case had initially suffered a complete or almost complete, dismemberment of the limb for which he claimed insurance coverage. In each case an amputation of the limb occurred subsequent to the severing injury, but after the post–injury interval to

which the insurance policy limited its coverage.

We concede that "severance" can mean both "physical severance" and "functional severance" when used without qualification. But where the word "actual" is used it evinces a deliberate intent to exclude the non–literal meaning and restricts the word to "physical severance."

Five decisions in other jurisdictions support the construction proposed by defendant. In two of the decisions the court refused to broaden a "loss by severance" clause to include loss caused by and commencing with an injury that required a subsequent amputation, *Cornellier v. American Casualty Co.,* 389 F.2d 641 (2d Cir. 1968); *Stinchomb v. Mutual Life Insurance Co.,* 305 So.2d 84 (Fla.Dist.Ct.App.1974). The courts in the three other decisions refused to broaden a "loss by severance" clause to include paralysis of a plaintiff's legs. *Schirm v. Insurance Co. of North America,* No. 53906 (Ct.App., Cal., May 17, 1979); *Sitzman v. John Hancock Mutual Life Insurance Co.,* 268 Or. 625, 522 P.2d 872 (1974); *Murray V. Insurance Company of North America,* 490 S.W.2d 250 (Tex.Civ. App.1973).

The Supreme Court of Oregon in *Sitzman* distinguished its decision from those in which a dismemberment had occurred and in the context of which a "loss by severance" clause would appear ambiguous. The court found no "justifiable reason * * * to support a supposition by the insured that actual severance through or above the ankle joint also means severance of the spinal cord with resultant loss of use of the insured's feet without any physical injury other than loss of motor function." 268 Or. at 632, 522 P.2d at 875. Courts, therefore, appear to require an injury to the limb's flesh, a cutting of the skin, before they will find a "loss of severance" clause ambiguous with respect to the meaning of the crucial term "severance." Thus, both lines of decisions, those favoring the plaintiff's construction and those favoring the defend-

ant's construction, have drawn the same distinction, i. e. dismemberment, or at least a severe wounding of a limb must occur before an insurance contract's use of the words "loss by actual severance" can be construed against the defendant insurer.

We hold, therefore, that in the instant case the insurance contract's use of the words "loss by actual severance" was unambiguous, and that the words do not cover the plaintiff's loss of the use of his legs that resulted from a spinal injury and subsequent paralysis. The judgment of the district court is affirmed.

Affirmed.