OPINION OF THE COURT
Michael Wollin, J.
Motion No. 19 by defendant Allstate Insurance Company (defendant) and cross motion No. 15 by plaintiff John Mifsud (plaintiff), both motions for summary judgment appearing on a motion calendar on September 29,1982 are consolidated for disposition.
This is an action by the plaintiff to recover the sum of $5,000 under an accidental death and dismemberment insurance policy purchased on June 28, 1972 in New York City.
The plaintiff, a physician, graduated in 1952 from the University of Havana, Cuba. He interned at St. Luke’s General Hospital on the Island of Malta and in 1959 immigrated to the United States. After further medical study, the plaintiff was admitted to the practice of medicine in the States of Connecticut and New Jersey specializing in anesthesiology.
On June 25, 1979, at about 11:30 a.m., the left shoulder of the plaintiff was injured while entering the revolving door at the Pan-Am Building, New York City, when *721 another person was exiting forcefully. The plaintiff immediately experienced excruciating pain and sought medical attention. The medical findings revealed a fracture of a previous bone graft of the humerus from the elbow to the shoulder. The humerus was completely and permanently detached from his left shoulder resulting in the hanging arm held together by soft tissue.
The plaintiff contends that he meets the terms of the policy since he sustained a severance at or above the wrist.
The policy among the numerous terms contains a legend which reads as follows: “Allstate promises to pay indemnity of loss resulting from injury to the extent herein provided.”
The policy has three separate categories:
“Part I — Benefit for travel by common carrier.
“Part II — Benefit for travel by private passenger automobile and other motor vehicle accidents.
“Part III — Benefit for all other accidents.”
Coverage for the injuries in the three cited parts are as follows:
“Part I - 100,000.00
“Part II - 20,000.00
“Part III - 5,000.00”
The instant injury is covered by Part III, and the applicable benefit for the loss of one hand is limited to one half of the principal suiA of $5,000 or $2,500.
The policy defines the loss as follows: “‘Loss’ as used with reference to hand * * * means severance at or above the wrist”.
Admittedly, the loss of the hand must occur at or above the wrist. But severance does not mean amputation. A hand may be severed but need not be amputated. Amputation is irreparably cutting off of a limb while to sever may limit its use, but not necessarily cause amputation. The severance of the humerus satisfies the meaning of “loss”.
*722 The defendant in its motion for summary judgment finds support in the affidavit of Irwin J. Nelson, M.D., who examined the plaintiff on behalf of the Mutual of Omaha Insurance Company in a coterminous suit. The affidavit of Dr. Nelson, dated June 1,1982 finds marked atrophy of the entire left shoulder and asserts that the upper extremity can be rotated at 360 degrees. He finds an absence of contact between the graft and the shaft of the humerus and the inability of the plaintiff to practice anesthesiology but asserts anatomically an absence of severance, amputation or separation.
The findings of Dr. Nelson are suspect, not because it is a conscious effort to mislead but rather a potpourri of medically irreconcilable contradictions. While the court does not presume expertise, it finds inconsistent a finding of “fine and gross manipulation” and “full active function of the left hand” with a permanent disability that prevents him from conducting his activities as an anesthesiologist.
In view of much factual agreement and little factual disagreement, it is incongruous to reject severance and accept the inability to practice anesthesiology.
Case law does not give comfort to the defendant nor does it hone its urged meaning. Ambiguity must be resolved against the scrivener of the policy.
The court has held consistently that the plain language will not be rewritten but on the contrary all ambiguities are to be resolved against the insurer in favor of the insured. (Gram v Mutual Life Ins. Co. of N. Y., 300 NY 375; Hartol Prods. Corp. v Prudential Ins. Co. of Amer., 290 NY 44; Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356.)
Obviously, the entire contract must be weighed in order to fairly affix the mutual intentions of the parties and dispose of its ambiguities. (Little v Blue Cross of Western N. Y., 72 AD2d 200; Walters v Great Amer. Ind. Co., 12 NY2d 967). It is not the severance of the wrist that is crucial for the court’s findings but rather the severance of the humerus that satisfies the terms of the policy.
The court is constrained to give reasonable meaning to the selective language of the defendant to safeguard the *723 public. Ambiguity often tends to limit liability and foreclose payment. The court must be alert to the use of language that leads to absurd results and must juridically encourage interpretations that embrace equity and justice.
Motion of summary judgment is denied and cross motion for summary judgment is granted in the sum of $2,500.