James B. FRANCIS, Jr., Plaintiff,

v.

INA LIFE INSURANCE COMPANY OF NEW YORK, a Cigna Company a/k/a Licony, Defendant.

No. 85 Civ. 3695(PKL).

United States District Court, S.D. New York.

July 9, 1986.

McCormick, Dunne & Foley, New York City, for plaintiff; Joseph A. Altman, Jr., of counsel.

Smith & Laquercia, P.C., New York City, for defendant; Thomas Michael Laquercia, Kenneth J. Klein, of counsel.

LEISURE, District Judge:

James Francis, Jr. commenced this action in New York County Supreme Court to recover under an insurance policy written by INA Life Insurance Company of New York ("LICONY"). LICONY removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Each party has moved for summary judgment.

The insurance contract at issue does not specify which law is to be applied with respect to any dispute arising under it. In this regard, the policy provides that "any provision of this policy which, on its effective date, is in conflict with the statutes of the state in which this policy was delivered or issued for delivery is hereby amended to conform to the minimum requirements of such statutes." Plaintiff concedes that the policy was issued in New York. Further, plaintiff brought his claim in New York State Court. Paragraph 16 of the complaint invokes New York law in support of the punitive damage claim. In his legal memorandum, plaintiff claims that the law of either Pennsylvania or New York supports his case, but he offers no Pennsylvania law or precedent for the Court's guidance. Since both parties have relied upon New York law to support their contentions and have not cited anything to the contrary, the Court assumes that New York law should control the disposition of the issues presented herein. *Lehman v. Dow Jones & Co.*, 783 F.2d 285, 290 (2d Cir. 1986). Unfortunately, no New York case has considered the specific issue presented herein, so the Court must look to the law of other states for guidance. When the law of the forum state does not address the precise issue, it is the Court's task to reach

the correct result by looking to the decisions of other jurisdictions. *Metz v. United Technologies Corp.*, 754 F.2d 63, 66 (2d Cir.1985).

## FACTUAL BACKGROUND

Plaintiff fell off a ladder at his home in Oreland, Pennsylvania on November 24, 1983, severely damaging his left hand. As an employee of Duncanson & Holt, Inc., a New York company, Francis was insured under a group employment insurance policy. Under that policy, LICONY insured against "loss of one member." The policy defined member to include a hand. Loss was defined as "actual severance through or above the wrist."

In response to LICONY inquiries about the injury, plaintiff's doctor wrote that "[t]he records do not indicate any evidence of complete severence [sic] of the hand and at no time has that been represented by us." Rather, "Mr. Francis suffered two parallel deep lacerations over the palmar aspect of his wrist in which he cut multiple tendons, the ulnar nerve, a partial laceration of the median nerve, the ulnar artery, all in two separate locations, essentially producing segmental cuts." The bone structure and certain other nerves, arteries and tendons remained intact. Following a physical examination on September 18, 1985, the doctor noted that plaintiff had "71% anatomic impairment of his non-dominant left hand" which gave him difficulty in operating a computer keyboard and lifting a briefcase with his left hand. Francis' golf handicap rose from 15 to 24.

## LEGAL DISCUSSION

■ "Contracts of insurance, like other contracts, are to be construed to effectuate the parties' intent as expressed by the words the parties used, and if the terms of the contract are clear and unambiguous, the Court must enforce the plain, ordinary and common meaning of those terms. Accordingly, the Court first must determine as a matter of law whether the terms of the contract are ambiguous." *IBM Poughkeepsie Employees Federal Credit Union*

*v. Cumis Insurance Society, Inc.*, 590 F.Supp. 769, 722 (S.D.N.Y.1984) (footnotes omitted); *see Breed v. Insurance Co. of North America*, 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352, 355, 385 N.E.2d 1280, 1283 (1978); *Government Employees Insurance Co. v. Kligler*, 42 N.Y.2d 863, 864, 397 N.Y.S.2d 777, 778, 366 N.E.2d 865, 866 (1977). Since insurance policies normally are contracts of adhesion, they "are to be construed strictly against the insurer," *Cornellier v. American Casualty Co.*, 389 F.2d 641, 643 (2d Cir.1968), and the Court will interpret any ambiguity in the terms of the contract liberally in favor of the insured. However, "[t]hat principle does not permit a court to hold that the insured is covered despite a clear policy provision to the contrary; before the principle may be invoked there must be some ambiguity subject to alternative constructions." *Id.* at 643. Where the contract terms are unambiguous, they will be construed according to their plain and ordinary meaning. "It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed." *Morlee Sales Corp. v. Manufacturers Trust Co.*, 9 N.Y.2d 16, 19, 210 N.Y.S.2d 516, 518, 172 N.E.2d 280, 281 (1961); *see Cunninghame v. Equitable Life Assurance Society of the U.S.*, 652 F.2d 306, 308 (2d Cir.1981).

Courts that have interpreted the language "actual severance through" in insurance contracts have almost unanimously concluded that the phrase is unambiguous, and have interpreted the language to require literal separation of the member from the body. *Reid v. Life Insurance Co. of North America, Inc.*, 718 F.2d 677, 681 (4th Cir.1983); *see Juhlin v. Life Insurance Co. of North America*, 301 N.W.2d 59 (Minn.1980); *Traverse v. World Service Life Insurance Co.*, 436 F.Supp. 810 (W.D. Okla.1977); *Boyes v. Continental Insurance Co.*, 139 Ga.App. 609, 229 S.E.2d 75 (1976); *Sitzman v. John Hancock Mutual Life Insurance Co.*, 268 Or. 625, 522 P.2d 872 (1974); *Murray v. Insurance Co. of North America*, 490 S.W.2d 250 (Tex.Civ.

App.1973); Appleman, *Insurance Law & Practice*, § 702.25 at 424. In *Reid*, an accident damaged a portion of the insured's hip joint, which had to be surgically replaced by a prosthesis. The hip sustained significant permanent damage, and part of the bone was severed. The court, in holding that an insurance policy providing coverage for "actual severance" did not cover the loss, stated:

> [T]his language represents the insurance industry's response to the minority rule that allows recovery of benefits for substantial severance when the policy stipulates that the loss be by 'severance'.... The phrase 'actual severance' appears to be fairly new language, replacing the less restrictive language of 'loss' or merely 'severance' used in earlier policies. As such the new language evidences an intent to limit coverage.

*Reid*, 718 F.2d at 681–82.

In many of the cases relied upon by Francis, the insurance policy at issue considered the term "severance" as opposed to "actual severance." *See Mifsud v. Allstate Insurance Co.*, 116 Misc.2d 720, 721, 456 N.Y.S.2d 316, 317 (Civ.Ct.Kings Co. 1982); *Huff v. Vulcan Life & Accident Insurance Co.*, 281 Ala. 615, 206 So.2d 861 (1968); *Morgan v. Prudential Insurance Co. of America*, 86 Wash.2d 432, 545 P.2d 1193 (1976). Although *Mifsud*, a New York case, allowed the insured to recover, the policy at issue used the term "severance." That term was held to be ambiguous, with the resulting ambiguity resolved in favor of the insured. The term "actual severance" was not considered. *Mifsud*, 116 Misc.2d at 721, 456 N.Y.S.2d at 317.

In *Juhlin*, 301 N.W.2d 59 (Minn.1980), the insured was denied recovery under a policy that defined loss as "actual severance." Plaintiff damaged his spinal cord in a plane crash and was left a paraplegic. In denying recovery, the court stated:

> We concede that 'severance' can mean both 'physical severance' and 'functional severance' when used without qualification. But where the word 'actual' is used it evinces a deliberate intent to exclude the non-literal meaning and restricts the word to 'physical severance.' *Id.* at 60. This Court will not now attempt to determine how complete the physical severance must be before the policy is activated. In this case, Francis' bone structure and several major nerves, tendons and arteries remained intact. The physical injury was not sufficient to trigger insurance coverage under the policy's "actual severance" provision.

A minority of courts have held that "actual severance" does not require total physical dismemberment. For example in *Neer v. Fireman's Fund, American Life Insurance Co.*, 103 Wash.2d 316, 692 P.2d 830 (1985), the policy defined loss as the "complete severance through or above the ... ankle joint." The court permitted a recovery for injuries arising out of an accident in which plaintiff's spinal column was severed, depriving him of all nerve and muscle function below the middle of his back. *Id.*, 692 P.2d at 831. The *Neer* court stated that:

> Washington has adopted as a definition of loss, loss of use or function.... In the policy language in dispute, complete severance has no direct object after it. As a result, the policy does not require 'severance of the feet' but rather accidental loss resulting from severance of some portion of the body through or above the ankle. Moreover, severance does not require separation from the body.

*Id.* at 832–3.

New York law requires a court to adhere to the plain language of the insurance contract. *American Home Products Corp. v. Liberty Mutual Insurance Co.*, 565 F.Supp. 1485, 1512 (S.D.N.Y.1983), *modified*, 748 F.2d 760 (2d Cir.1984). The *Neer* court's interpretation of the words "complete severance" is strained and contrary to the plain and ordinary meaning of the words. Courts are not free to ignore the intent of the parties to a contract as expressed by the written words of that contract. To do so would invite uncertainty and the unfair imposition of the court's

values upon a negotiated agreement. Unless there is a reasonable basis for the insured to have an expectation to the contrary, it is unjust to judicially impose obligations upon an insurer to which it did not contractually agree. *Id.* at 1512. "[I]t is not the function of a court to rewrite insurance policies so as to provide coverage which the court might have considered more equitable." *Cornellier,* 389 F.2d at 644.

## CONCLUSION

For the reasons discussed above, this Court holds that the term "actual severance" has an unambiguous meaning requiring substantial physical dismemberment. We will not now attempt to define the degree of dismemberment necessary to enforce coverage under such a policy, but where lacerations to the wrist left the bone structure and other essential parts intact, the LICONY policy was not enforceable as written. LICONY's motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment is denied.

SO ORDERED.