No. 87-26

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

MARYETTA F. BAUER,

        Plaintiff and Respondent,

-vs-

KAR PRODUCTS, INC., LIFE INSURANCE
COMPANY OF NORTH AMERICA, GREAT-WEST
LIFE ASSURANCE, CHARLES W. LEA AND
HERBERT MAYBERRY,

        Defendants and Appellants.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James M. Ramlow argued; Murray, Kaufman, Vidal & Gordon,
        Kalispell, Montana
        S. Y. Larrick, Kalispell, Montana
        Mark A. Squires, Philadelphia, PA

    For Respondent:

        Douglas J. Wold argued, Polson, Montana

Submitted: November 5, 1987
Decided: February 29, 1988

Filed: FEB 2 9 1988

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In this case, we determine that the District Court, Twentieth Judicial District, Lake County, properly granted partial summary judgment against defendant Life Insurance Company of North America (LINA) and in favor of Maryetta F. Bauer, holding that an accident policy issued by LINA to Maryetta F. Bauer provided policy coverage for her accidental injuries.

On May 14, 1986, while LINA's accident policy was in effect, plaintiff Maryetta F. Bauer was accidentally thrown from a horse and she suffered a severe spinal cord injury which resulted in total paralysis below her midback, including total loss of use of both legs. The uncontradicted affidavit of Dr. R. Stephen Irwin, filed in support of her motion for summary judgment, stated that Maryetta Bauer's spinal cord has been severed at T-8 (midback) and that she remains permanently and totally paralyzed below midback. Dr. Irwin concluded that "for all practical purposes Ms. Bauer has lost her legs."

In September and October, 1982, while Maryetta F. Bauer was an employee of Kar Products, Inc., an Illinois corporation, she was furnished a brochure entitled "Personal Accident Insurance for Fulltime Employees of Kar Products, Inc. and Their Families." After examining the brochure and receiving representations concerning coverage, Maryetta F. Bauer applied for the personal accident insurance, which was underwritten by LINA. On October 1, 1982, LINA issued its certificate of insurance on a family plan to Maryetta F. Bauer, wherein the principal sum was designated to be

$100,000.00. The policy of insurance was in effect when Maryetta F. Bauer sustained her injuries.

The certificate of insurance contains a "Description Of Coverage" which in pertinent part provides as follows:

> Loss of Life, Limb, or Sight Indemnity: If such injuries shall result in any one of the following specific losses within one year from the date of accident, the company will pay the benefits specified as applicable thereto, based upon the Principal Sum stated in the Schedule of Insureds; provided, however, that not more than one (the largest) of such benefits shall be paid with respect to injuries resulting from one accident.
>
> . . .
>
> Loss of two or more members . . . the principal sum.
>
> . . .
>
> "Member" means hand, foot or eye. "Loss" means with regard to hand or foot, actual severance through or above the wrist or ankle joints . . .

Maryetta F. Bauer made a claim under LINA's certificate of insurance contending that the severance was the cause of the total paralysis below her midback, the complete loss of the use of her legs, and was a "loss of two or more members." Coverage was denied by LINA, and she brought suit in the District Court for the recovery of insurance benefits, and for other claims. Both Maryetta F. Bauer and LINA moved the District Court for a partial summary judgment on her claim under the certificate of insurance. On December 17, 1986, the District Court issued partial summary judgment in favor of Maryetta F. Bauer and against LINA, holding that she was entitled to the principal sum under the accident insurance policy on three grounds: (1) that her claim was supported by the objectively reasonable expectation test; (2) that a grammar analysis of the policy language provided her

coverage; and, (3) if there was any ambiguity, the policy as a whole should be construed against LINA.

The District Court certified in its order granting summary judgment that it was granted as a final judgment between Maryetta F. Bauer as to the issue of coverage for plaintiff's injuries by the insurance policy, and that there was no just reason for delay. Thus, under Rule 54(b), M.R.Civ.P., appeal was taken by LINA to this Court from the order granting partial summary judgment.

On appeal, LINA contends that to establish a loss under the certificate of insurance, the "member" must be actually severed, not "some part of the body." It relies on the holdings in Sitzman v. John Hancock Mutual Life Insurance Company (Or. 1974), 522 P.2d 872; Juhlin v. Life Insurance Company of North America (Minn. 1980), 301 N.W.2d 59; Reid v. Life Insurance Company of North America, Inc. (4th Cir. 1983), 718 F.2d 677; Francis v. INA Life Insurance Company of New York (S.D.N.Y. 1986), 638 F.Supp. 1117; Horvatin v. Allstate Life Insurance Company (C.D. Cal. 1986), 631 F.Supp. 1271; and Perry v. Connecticut General Life Insurance Company (E.D. Va. 1982), 531 F.Supp. 625.

LINA further contends that the informational brochure first shown to Maryetta F. Bauer did not create an objectively reasonable expectation that the policy would cover paralysis of the limbs. Upon this issue, LINA contends that "dismemberment" cannot mean "paralysis," relying on Cunninghame v. Equitable Life Assurance Society of the United States (2d Cir. 1981), 652 F.2d 306.

Finally, LINA contends that the policy is not ambiguous, relying on Universal Underwriters Insurance Company v. State Farm Mutual Automobile Insurance Company (1975), 166 Mont. 128, 136, 531 P.2d 668, 673.

- 4 -

A case similar to this came before the Supreme Court of the State of Washington in Neer v. Fireman's Fund, American Life Insurance Company (Wash. 1985), 692 P.2d 830. In that case Neer fell 50-60 feet to the ground while topping a tree and as a result his spinal column was severed depriving him of all nerve and muscle function below his midback. The policy coverage in Neer defined "loss" as "complete severance through or above . . . ankle joint." (In this case, loss is defined with regard to a hand or foot as "actual severance through or above the wrist or ankle joints.) In Neer, as here, the respondent insurance company urged the court to adopt an interpretation that required a complete separation of the feet from the body before payment on the policy was required. The court considered many of the cases relied on in this case by LINA, and in determining, made the following statement:

> In the policy language in dispute, complete severance has no direct object after it. As a result, the policy does not require "severance of the feet" but rather accidental loss resulting from severance of some portion of the body through or above the ankle. Moreover, severance does not require separation from the body. "Severance does not mean amputation. A hand may be severed but need not be amputated. Amputation is irreparably cutting off of a limb while to sever may limit its use, but not necessarily cause amputation." Mifsud v. Allstate Insurance Company (1982), 116 Misc.2d 720, 721, 456 N.Y.S. 316, 317 (bone of upper arm detached from shoulder in revolving door and left hanging was a covered loss when policy provided coverage for loss defined as "severance at or above the wrist.")

> If ambiguous, the policy language must be construed in a manner most favorable to the insured (citing a case). Were we to consider the term loss defined as a complete severance ambiguous, reading the contract in a manner most favorable to the petitioner, we would have to find coverage. Read as a whole, however, the contract is not ambiguous.

It provides broad coverage for loss resulting from complete severance through or above the ankle. Neer lost the use of both feet as the result of a complete severance of the spinal column, a severance above the ankle. A practical and reasonable interpretation of the contract requires coverage.

692 P.2d at 833.

We adopt the holding of the Washington Supreme Court in its interpretation of the contract in Neer as applicable to the certificate of insurance issued by LINA to Maryetta Bauer. The interpretation is reasonable and entirely consistent with the language of the certificate of insurance which nowhere mentions "amputation" or "dismemberment," but rather speaks of "severance." Because we agree with this interpretation, the resolution of the issue is dispositive and there is no need for us to consider the other objections raised by LINA to the partial summary judgment. We therefore affirm the partial summary judgment as entered by the District Court.

While this case was pending on appeal, LINA moved this Court for leave to file a supplemental brief in which LINA sought to argue an entirely new theory of the case based on the Employment Retirement Income Security Act (ERISA). Maryetta Bauer objected to the consideration of the application of ERISA on the grounds that the issue had not been raised and discussed by the District Court when it entered partial summary judgment.

In submitting its supplemental brief, LINA contended that two recent cases of the United States Supreme Court, Metropolitan Life Insurance Company v. Taylor (1987), ___ U.S. ___, 107 S.Ct. 1542, 95 L.Ed.2d 55 and Pilot Life Insurance Company v. Dedeaux (1987), ___ U.S. ___, 107 S.Ct. 1549, 95 L.Ed.2d 39, had determined that ERISA was the

- 6 -

exclusive vehicle for actions asserting improper denial of benefits under ERISA-covered employee benefit plans.

When this case was in the District Court, plaintiff had filed a complaint alleging purely state-law claims. In its answer, LINA raised the possibility of ERISA application. Plaintiff thereupon amended her complaint so as to add an ERISA count as the basis for recovery. The motions for summary judgment were presented to the District Court and argued upon state law, and without reference to ERISA. The partial summary judgment entered by the District Court made no reference to ERISA. After LINA had appealed the District Court ruling to this Court, it filed a motion for removal of the cause to the Federal District Court. The Federal District Court considered the removal, and remanded to the state court upon the grounds that the delay of LINA in removing the cause to the Federal District Court had the effect of waiving any right of removal. It was only after the Federal District Court had remanded the cause to the state court that LINA filed its briefs in this Court seeking now to raise the ERISA issues.

Title 29 U.S.C. § 1132(e) establishes state court jurisdiction over accidents brought to recover benefits under an ERISA-covered insurance policy. There are, however, before us insufficient facts to determine whether in fact ERISA applies to this cause. This Court has established a policy that it will not decide upon appeal issues not first presented to a district court. Whether ERISA applies is a change in theory from that advanced by LINA in the trial court for partial summary judgment and under Chamberlain v. Evans (1979), 180 Mont. 511, 591 P.2d 237, we do not consider on appeal a theory changed or different from that on which judgment was entered in the District Court. We therefore decline at this point to determine or decide any ERISA issues

until the District Court has an opportunity to consider the same based upon facts adduced before it.

Counsel for Maryetta F. Bauer have requested sanctions in the form of attorney fees under Rule 11, M.R.Civ.P. because LINA attempted to raise ERISA issues in this appeal. She requested attorney fees because LINA attempted to justify its argument on ERISA on the basis that it "could not have known that ERISA standards applied to the claims raised in Maryetta Bauer's pleadings."

Plaintiff's counsel contends that LINA argued to the federal court when it attempted to remove the cause from the state court that it was unaware of the ERISA application and the removability of the state law claim until the Supreme Court decision in Pilot Life, supra. The Federal District Court, however, ruled that LINA should have known that ERISA may apply because the pleadings clearly raised an ERISA claim.

While the attempted raising of the ERISA claims on appeal required extensive briefing and documents to be filed by counsel for Maryetta F. Bauer in this Court as well as oral argument thereon, it appears that the raising of the issues in this Court came from appropriate caution by LINA's counsel and accordingly sanctions in the form of attorney fees will not be required.

The partial summary judgment of the District Court in favor of Maryetta F. Bauer and against LINA is affirmed. The cause is remanded to the District Court for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

- 8 -

John Conway Harrison.

_____

William E Hunt Sr

L.C. Gulbrandson

R.C. McDonough

Justices